Rockwell D. Colaheri, J.
Action herein was commenced by service of a summons and indorsed complaint on March 29,1972. Trial was held on the 13th day of September, 1972, after which the decision was reserved.
The plaintiff, previously a tenant and having vacated the premises, sues for the return of $550 security paid pursuant to a lease dated the 7th day of September, 1971 and for an additional $250 as reasonable attorney’s fees. Conversely, the defendant, having formerly been the landlord, admits the receipt of the $550 but denies that the written lease sets forth reasonable attorney’s fees for the plaintiff. As a counterclaim, the defendant alleges $275 due for rent for the month of March, 1972, and damages in the sum of $700.
The issue upon which this court directs the attention is the attorney’s fees.
Clause “ Eighteenth ” of the lease provides that if the tenant shall default and the ‘ ‘ Landlord shall institute an action or summary proceeding against the Tenant based upon such default ” then the tenant shall be responsible for reasonable attorney’s fees incurred. (Emphasis added.) Clause “ Twentieth ” specifies that the security shall remain with the landlord “ until the date herein originally fixed for the expiration of the term, except as herein otherwise provided. ’ ’
This court has found as matter of fact, that the lease was terminated by mutual agreement of the parties pursuant to a letter signed by the landlord and directed to the tenant. Hence, the failure of the landlord to return the security upon termination of the lease is a “ default ’ ’ pursuant to the terms and conditions of clause “ Twentieth ”.
Section 234 of the Real Property Law mandates that whenever a lease for residential property provides that in any action or summary proceeding incurred as a result of the tenant’s failure to perform under the terms of the lease, the landlord may recover attorney’s fees for said expense, then too, there shall be implied a quid pro quo wherein the landlord shall pay *902 the tenant such attorney’s fees as a result of the landlord’s failure to perform under the lease. (Cf. 146-150 West Sunrise Highway Corp. v. Lee’s Hobby Speedway of New Hyde Park, 54 Misc 2d 913, where attorney’s fees would be recoverable only in connection with a summary proceeding as provided for in the lease.) At bar, there is however, a significant difference from the last case cited, to the extent that the clause contained ip the instant lease provides for either an action or summary proceeding. '
Hence, the court having found in favor of the tenant hereby awards the sum of $250 to the tenant as reasonable attorney’s fees,
The court finds for the defendants on their counterclaim in the sum of $47.15. Judgment for the plaintiff (tenant) against the defendant (landlord) in the sum of $752.85 ($800 less $47.15), together with the. costs and disbursments of this action. No' interest.