(112 App. Div. 199)

### LUCKEY v. MOCKRIDGE et al.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

1. PLEADING—AMENDMENT—NECESSITY OF NOTICE.
   After defendants have appeared and filed and served their answers, no order allowing an amendment of the complaint can be granted, except upon notice to defendants.

2. SAME—ORDER ALLOWING AMENDMENT—FORM.
   An order allowing the amendment of a summons and complaint is irregular, where there was not annexed to it a copy of the amended pleading.

3. SAME—ERRONEOUS ORDER—CONFIRMATION.
   An order which is irregular, as allowing an amendment of the summons and complaint without notice to defendant, cannot be confirmed nunc pro tunc.

4. SAME—"AMENDED AND SUPPLEMENTAL COMPLAINT."
   An order authorizing the service of an "amended and supplemental complaint" is irregular, because no such pleading as an "amended and supplemental pleading" is known to the Code.

Appeal from Special Term, New York County.

Argued before McLAUGHLIN, INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Bernard G. Heyn, for appellants.
Horace E. Parker, for respondent.

INGRAHAM, J. It appeared that this action was originally brought against the defendants Frank N. Mockridge and Grace A. Mockridge to set aside a transfer of real estate by the defendant Frank N. Mockridge to his wife, the defendant Grace A. Mockridge, alleged to be fraudulent as to creditors. The summons and complaint was served upon these two defendants, who appeared, and on the 1st of February, 1905, the defendants severally answered the complaint and served their amended answer to the complaint on February 21, 1905. Subsequently the plaintiff ascertained that the defendant Grace A. Mockridge had executed a mortgage upon the real property in question to secure a bond for the payment of $300 to her attorneys, of which fact the plaintiff's attorneys were ignorant when the original complaint was served. The plaintiff thereupon, upon an affidavit setting forth these facts, including the appearance of the defendants in the action, obtained, on March 13, 1905, an ex parte order from the Special Term allowing them to amend the summons by adding as parties defendants to the action the mortgagees, and by amending the complaint alleging that this mortgage was also fraudulent and void as against creditors, and amending the prayer for relief by asking that this mortgage be so held to be void and that the mortgagees be required to discharge it of record. This order having been obtained, the defendant moved to vacate it upon the ground that it was obtained ex parte and without notice to them. The plaintiff then made a motion, returnable on the same day on which the motion made by the defendants to vacate this ex parte order was returnable, for an order "denying the motion to be made herein on the 27th day of March, 1905, by Frank N. Mockridge and Grace A. Mockridge, defendants, for the purpose of securing an order herein vacating and setting aside the said order made herein March 13, 1905, providing for and authorizing the amendment of the summons and complaint herein and as therein provided, and that the undersigned will also on said papers and proceedings move this court for an order herein affirming and confirming nunc pro tunc the order herein of March 13, 1905, and in all respects authorizing and allowing the amendment of the summons herein by the addition of the names of Herbert A. Heyn and George B. Covington as two additional parties defendant, and authorizing and allowing the isusance herein of a supplemental summons to said Herbert A. Heyn and George B. Covington as two additional parties defendant herein, and amending the complaint herein by the addition in the caption of said cause of the additional names as two parties defendant herein of said Herbert A. Heyn and George B. Covington, and by the amendment of said complaint filed herein December 12, 1904, by the addition therto of the allegations provided for in the said order made herein March 13, 1905." These two motions, one to vacate the ex parte order, and the other for this general affirming and confirming nunc pro tunc the ex parte order, coming on to be heard, the court denied the motion to vacate the ex parte order, and granted the plaintiff's motion to affirm and confirm nunc pro tunc the said ex parte order and allowing the amendment, and from that order the defendants appeal.

It is quite clear that the ex parte order was irregular. The defendants had appeared in the action, had filed and served their answers to the complaint, and no order amending the summons or the complaint

could be granted, except upon notice to the defendants who had thus appeared. This ex parte order was also irregular in that there was not annexed to it a copy of the amended pleading, leave to serve which was applied for; and, if this motion had been on notice, it should have been denied on that ground. We know of no practice which justifies the court in affirming and confirming, nunc pro tunc, such an irregular order. The pleading which this ex parte order authorized was a pleading unknown in the Code. There is no such pleading as an amended and supplemental pleading. In this case it is quite probable that the court would, on proper application, have allowed the plaintiff to amend the summons and complaint by making these mortgagees defendants and inserting the proper allegation to show that the mortgages were obtained from the fraudulent transferee of the property after notice that the transfer was in fraud of the plaintiff's creditors; but that would be simply an amended summons and complaint. But it was quite irregular to obtain an ex parte order, without notice to the defendants who had appeared in the action, allowing the plaintiff to serve such a complaint.

We think, therefore, that as the practice adopted was irregular, the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, without prejudice, however, to an application by the plaintiff, upon proper notice, for leave to amend the summons and to serve an amended complaint. All concur.

---

(112 App. Div. 908)

## LUCKEY v. MOCKRIDGE et al.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

Appeal from Special Term, New York County.

Action by David B. Luckey, as trustee in bankruptcy of the estate of Frank N. Mockridge, against Grace A. Mockridge and others. From an order denying a motion to vacate an ex parte order allowing plaintiff to serve an amended summons and a supplemental and amended complaint, defendants appeal. Reversed.

Argued before McLAUGHLIN, INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Bernard G. Heyn, for appellants.
Horace E. Parker, for respondent.

