Sidney A. Fine, J.
This is a motion by defendant, Weisz, to dismiss the complaint on the ground (1) that this court does not have jurisdiction over him, (2) that the court lacks jurisdiction of the subject matter, and (3) that the causes of action are insufficient as to him.
Weisz is a resident of California and has never been a resident of New York. The summons and complaint were served upon him in California. Subdivision (a) of CPLR 302 confers jurisdiction over a ‘ ‘ non-domiciliary'’ ’ of this State as to a cause of action ‘‘ arising from any of the acts enumerated in this section ” viz., the transaction of business in this State, the commission of a tortious act within the State, or the ownership use, or possession of realty in the State, if such acts are committed by the nondomiciliary in person or through an agent. The charge against Weisz in each of the three*causes of action in the complaint is merely that assets of plaintiff, obtained from the latter by the fraud of defendant, Tuch, were received by Weisz from Tuch with knowledge of Tuch’s fraud. Plaintiff is seeking to rescind the sale of the assets to Tuch and recover the assets sold by plaintiff to Tuch from Weisz as a constructive trustee thereof. No allegation is made in the complaint that Weisz authorized Tuch’s fraudulent representations or that Tuch made them as agent for Weisz. The causes of action asserted in the complaint are not, therefore, causes of action ‘ ‘ arising from any of the acts enumerated in this section ’ ’ (CPLR 302). Plaintiff, in his opposing affidavit states that, at the time Tuch made the allegedly false representations, he was acting for Weisz as well as for himself. The causes of action contained in the complaint are not, however, based on that theory and can be established without proof that Tuch was acting for Weisz. Plaintiff asks leave to amend the complaint to allege Tuch’s agency for Weisz, if the court deems such amendment necessary. If the amendment were permitted, the validity of the service upon Weisz would be determined upon the basis of causes of action not contained in the complaint at the time service was made upon him. The validity of the service must'be decided on the basis of the claims asserted *921 against Weisz at the time he was served. If, at the time of service, no canse of action based on an act specified in CPLR 302 was asserted against Weisz, no personal jurisdiction of Weisz was obtained. Without such personal jurisdiction, the court may not grant leave to amend the complaint and cure retroactively a service which was not good when it was made. The court is unaware of any decision on the question here involved. The note to section 17 of chapter 110 of the Illinois statute, upon which CPLR 302 is modeled, states (Smith-Hurd, 111. Stats., ch. 110, § 17, p. 170) that “ Seemingly the plaintiff who seeks to invoke the jurisdiction of the Illinois courts on the basis of this section will have to allege requisite jurisdictional facts in his complaint ”. Of course, where only a summons has been served, the plaintiff may show a cause of action conferring jurisdiction in his papers in opposition to a motion to set aside service. Where, however, the complaint has already been served and does not allege a cause of action within the scope of CPLR 302, a different situation is presented.
The motion to dismiss for lack of personal jurisdiction over Weisz is granted. It is, accordingly, unnecessary to consider the other grounds of the motion. This disposition is without prejudice to a new service upon Weisz outside the State on the basis of a complaint alleging that Tuch’s tortious conduct was committed as agent of Weisz.