■ CLARA T. LOHNE, Respondent, v. CITY OF NEW YORK, Defendant, and KATHLEEN M. REIL, Appellant.— In a negligence action to recover damages for personal injuries, defendant Reil appeals from the following two orders of the Supreme Court, Kings County: (1) an order, entered May 27, 1964, which granted plaintiff's motion to strike out the two defenses contained in the answer; and (2) an order, entered October 28, 1964, which denied said defendant's motion (a) to vacate a prior ex parte order of March 2, 1964, permitting service, *nunc pro tunc*, of a supplemental summons and amended complaint; and (b) to dismiss the complaint as against her. Order entered May 27, 1964 reversed, with $10 costs and disbursements, and motion remitted to the Special Term for the purpose of holding an immediate trial with respect to the issues raised upon such motion. Order entered October 28, 1964 reversed and motion, insofar as it seeks to vacate the prior order of March 2, 1964, granted, with $10 costs and disbursements; and said prior order vacated. The motion to

strike the defenses of lack of jurisdiction and Statute of Limitations raised substantial factual questions which could not be determined on the papers before the court. An immediate trial of the issues raised on the motion was mandated (CPLR 3211, subd. [c]). An ex parte order may not be granted to permit the service *nunc pro tunc* of a supplemental summons and amended complaint after the defendant has appeared in the action (*Luckey* v. *Mockridge*, 112 App. Div. 199). We have not passed upon the question whether the plaintiff may obtain an order on notice permitting service of a supplemental summons and amended complaint *nunc pro tunc*. Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.