Victor J. Orgera, J.
On this motion for summary judgment plaintiff has established by competent evidence that on August 15, 1966 the plaintiff and the corporate defendant, Lee’s Hobby Speedway of New Hyde Park, Inc., entered into a lease agreement wherein the said corporate defendant leased from the plaintiff premises located at 152-172 West Sunrise Highway, Lindenhurst, New York for the period October 1, 1966 to September 30, 1971 at a rental of $10,000 payable $900 monthly. Said premises are located within the Town of Babylon, County of Suffolk, New York. Thereafter, the corporate defendant entered upon and used said premises and *914 paid rent to the plaintiff from October 1, 1966 to April 15, 1967 at which time the said defendant ceased to pay rent in violation of the lease. Thereafter, on or about May 1, 1967 defendant-vacated the premises and surrendered possession to the plaintiff in a damaged condition.
Although the motion herein is unopposed, the court must take notice of the affirmative defense interposed by the corporate defendant in this ease. The corporate defendant contests jurisdiction on the ground that the office of the corporation is in Nassau County and that, therefore, service of the summons and complaint upon the Secretary of State was insufficient to obtain in personam jurisdiction over the corporate defendant by the Suffolk County District Court. It is defendant’s contention that service pursuant to subdivision (b) of section 306 of the Business Corporation Law of the State of New York may only be used to effect personal jurisdiction over a corporate defendant in a court of limited jurisdiction where the corporate defendant has an office within the territorial jurisdiction of such court. It is defendant’s contention that this court’s power is limited by subdivision (c) of section 306 of the Business Corporation Law.
While this court might agree with defendant’s contention in the event that the cause of action herein did not arise within the jurisdiction of this court, the court does not agree that such is the case where the plaintiff establishes that the cause of action and the corporate defendant come within the purview of section 404 of the Uniform District Court Act, more commonly referred to as the “ long-arm statute ” provision of the District Court Act.
Section 404 of the UDCA allows the District Court to exercise in personam jurisdiction over nonresidents who perform certain acts while within the territorial jurisdiction of one of the districts of the court. Thus, if a nonresident transacts business, commits a tortious act or uses or possesses any real property 1 ‘ within a district of the court ’ ’ and if a cause of action arises therefrom, service upon that nonresident for the purposes of conferring in personam jurisdiction is authorized by subdivision (a) of section 404. Service of the summons pursuant to such authority “ may be made in such manner and at such place regardless of county or state lines ” as would confer jurisdiction on the Supreme Court in a like case (§ 404, subd. [b]).
It is further provided that a corporation “ shall be deemed a non-resident of the county ” for the purposes of section 404 whenever service of a summons cannot be effected by a personal *915 delivery thereof within the county so as to otherwise acquire in personam jurisdiction of the corporation (§ 404, subd. [d]).
Although subdivision (a) of section 404 of the UDCA is written in the present tense, there is apparently no requirement that the transaction of business or the use of real property coincide with the service of the summons. It is sufficient that the cause of action arose out of the transacting of such business and/or the possession or use of such .real property without the necessity that such business and/or use or possession of real property continue up until the time of service of the summons. The facts in the instant case clearly establish that this matter comes within the purview of subdivision (a) of section 404 of the UDCA. Therefore, since the court has the power to obtain in personam jurisdiction, it may exercise that power pursuant to subdivision (b) of section 404 by service of the summons upon the Secretary of State regardless of the county in which the corporate defendant may then have its office.
Although subdivision (c) of section 306 of the Business Corporation Law is also written in the present tense and appears to require both the presence of an office within the territorial jurisdiction of the court of limited jurisdiction as well as jurisdiction over the action itself, so long as these prerequisites are met at the time the cause of action arose or at the time the summons is served, the statute would be applicable. Any other interpretation would totally defeat the intent of the ‘ ‘ long-arm” provisions of the UDCA in a case such as this where plaintiff at the time of commencement of the action did not have knowledge of the location of the corporate defendant’s office. It would also render meaningless subdivision (b) of section 404 of the UDCA.
On this motion for summary judgment the court finds that the defendant corporation, Lee’s Hobby Speedway of New Hyde Park, Inc., has been validly properly served pursuant to law and the affirmative defense raised in its answer is hereby stricken. The court further finds that the plaintiff has established its first cause of action for rent and also plaintiff’s third cause of action for damages to the subject premises in violation of the lease agreement between the plaintiff and the corporate defendant, Lee’s Hobby Speedway of New Hyde Park, Inc.
The second cause of action is an action against the defendants Jack Levine and Irene Levine, individually. The papers in this case fail to indicate that any service was effected upon said defendants individually and the court would also note that said defendants have not appeared in this action either personally or *916 through an attorney. Accordingly, the second cause of action is dismissed without prejudice.
The fourth cause of action is for attorney’s fees. As to this cause of action, the only provision for payment of attorney’s fees is made in clause No. 20 of the subject lease wherein it is indicated that attorney’s fees would be recoverable only in connection with a summary proceeding. Inasmuch as this present action is not a summary proceeding nor is it alleged that plaintiff initiated a summary proceeding, the plaintiff has failed to establish any right to recover for his attorney’s fees and this cause of action is dismissed without prejudice.
Accordingly, the court will award partial summary judgment on this motion to plaintiff in the sum of $900 for rent due upon the first cause of action and the court will award judgment to the plaintiff on the third cause of action for damages subject to an inquest to establish the amount and value of such damages which inquest shall be held at the Second District in Babylon, N. Y. on five days ’ notice to the defendants.