James F. Niehoff, J.
This is a motion by the defendant insurance company for an order dismissing the summons and complaint herein which are dated March 26, 1969, and were served upon defendant on March 27, 1969, at 102 Maiden Lane, New York City. It is the defendant’s contention that there are “no grounds for jurisdiction under section 404 of the Uniform District Court Act,” the so-called “ long arm ” statute.
The action is brought on a medical payments clause of an automobile insurance policy. The plaintiff is the administrator of the injured party who was a passenger in the automobile of defendant’s insured, John Karayiannis.
The accident in question occurred in Queens County. At the time of the accident, plaintiff resided in Queens County as did the defendant’s assured, John Karayiannis, and the driver of the vehicle, Helen Karayiannis. Plaintiff still resides in Queens County.
Defendant admits that at the time of the accident, defendant had an office at 244 Mineóla Boulevard, Mineóla, Nassau County, New York. However, the defendant asserts that said office was closed more than one year ago at which time defendant was absorbed by the American Home Insurance Company and all files were removed to the office of the American Home Insurance Co. at 102 Maiden Lane, New York City.
Plaintiff, on his part, argues that the defendant still solicits business in Nassau County and that the defendant is still listed in the Nassau County telephone directory. For reasons hereinafter set forth, the court finds it unnecessary to decide whether or not defendant is presently transacting- business within Nassau County.
For a civil suit to be entertained by a court, the court must have dual jurisdiction, to wit, jurisdiction over the subject matter of the suit, and over the person of the defendant or a res. The cause of action alleged in the complaint herein is clearly one of the type and nature which the District Court of Nassau County may entertain (see UDCA, § 202). Hence, the only question to be answered is whether this court has jurisdiction over the person of defendant.
While the: service of a summons may ordinarily be made only within the County of Nassau (see UDCA, § 403), section 404 of the UDCA allows the District Court to exercise in personam jurisdiction over nonresidents who perform certain spe *83 cified acts while within the territorial jurisdiction of one of the districts of the court.
Subdivision (d) of said section provides that: “If service of the summons cannot be effected by personal delivery thereof within the county so as to acquire in personam jurisdiction of a corporation * * * such corporation * * * shall be deemed a non-resident of the county for the purposes of this section.” In the case at bar, plaintiff effected service of the summons by delivery thereof without the county. Apparently such service was made because plaintiff could not effect service by personal delivery of the summons within the county inasmuch as defendant had no office within the county. It follows that for the purposes of this motion defendant must be treated as a ‘ ‘ non-resident ’ ’, and the court is called upon to decide whether or not defendant is subject to the jurisdiction of the Nassau County District Court as a consequence of the provisions of section 404 of the UDCA.
A nonresident of the County of Nassau served with process outside of the county is subject to the jurisdiction of this court if, in person or through an agent, he:
(1) transacts any business within a district of the court in the county; or
(2) commits a tort (except defamation) within a district of the court in the county; or
(3) owns, uses or possesses real property situated within a district of the court in the county;
and if the cause of action arises out of one of the above enumerated acts. The mere fact that a nonresident has performed one or more of such acts will not subject him to in personam jurisdiction as to an unrelated cause of action.
Although subdivision (a) of section 404 of the UDCA speaks in the present tense, i.e., “ transacts any business etc ”, there is ‘£ apparently no requirement that the transaction of business or the use of real property coincide with the service of the summons. It is sufficient that the cause of action arose out of the transacting of such business and/or the possession or use of such real property without the necessity that such business and/or use or possession of real property continue up until the service of the summons.” (146-150 West Sunrise Highway Corp. v. Lee’s Hobby Speedway of New Hyde Park, 54 Misc 2d 913, 915 [Dist. Ct. Suffolk County, 1967].)
As stated earlier, at the time of the subject accident the defendant maintained an office and transacted business therefrom within the territorial jurisdiction of the District Court of Nassau County. That being so, the court need not resolve *84 the controversy as to whether or not defendant is still transacting business within said jurisdiction. But, it does not necessarily follow that this court has jurisdiction of defendant herein. As mentioned heretofore, jurisdiction will attach only if the cause of action arises out of the acts enumerated in section 404 of the TJDCA, i.e., the transaction of business, the commission of a tortious act, or the ownership, use or possession of realty, within the jurisdiction of the court. Stated differently, the transaction of the business, or the ownership, use and possession of realty, must have resulted in the cause of action (see 4 Carmody-Wait 2d, New York Practice, § 25:10). There is nothing in the record before the court (consisting of the complaint and affidavits of counsel) to establish, or even to suggest, that the cause of action alleged in plaintiff’s complaint arises out of defendant’s transaction of business in Nassau County, or out of defendant’s ownership, use or possession of realty in Nassau County.
Such being the case, the summons and complaint must be dismissed.
Even if it could be established to the court’s satisfaction that plaintiff’s cause of action arises out of one of the acts enumerated in section 404 of the TJDCA, the court would, nevertheless, be constrained to grant defendant’s motion for dismissal under the present state of the law. Under present law one seeking to invoke the in personam jurisdiction of this court with respect to a nonresident must expressly allege in the complaint the facts bringing the nonresident within the UDCA’s provisions for personal jurisdiction by acts of nonresidents (see Fraley v. Desilu Prods., 23 A D 2d 79 [1st Dept., 1965]; Lebensfeld v. Tuch, 43 Misc 2d 919; but, see, Schnall v. Clearfield Cheese Co., 23 A D 2d 652). The complaint herein contains no such allegation and, so, is fatally defective.
The motion to dismiss for lack of personal jurisdiction over defendant is granted. This disposition is without prejudice to a new service upon defendant outside the County of Nassau.