Howabd T. Hogan, P. J.
Plaintiff, as assignee of various retail installment sales contracts, caused to be filed in the District Court of Nassau County 669 judgments by default in actions predicated upon these contracts. It appears that the various defendants involved were neither residents of Nassau County nor served with process therein, nor do the complaints contain any allegations which would establish the basis for jurisdiction. The court below, on its own omnibus motion upon notice to plaintiff, vacated the judgments and dismissed the complaints for lack of in personam jurisdiction. Plaintiff appeals from the order entered thereon. The notice of appeal was served upon Honorable B. Thomas Pantano, Administrative Judge of the District Court of Nassau County.
The Attorney-General, who appears for Judge Pantano on this appeal, asserts a preliminary objection that the appeal was not properly perfected in that plaintiff failed to serve notices of appeal upon any of the defendants involved. CPLB 5515 requires the notice of appeal to be served upon an adverse party. An adverse party, within the meaning of this provision, includes one whose interest in relation to the subject matter of the appeal is in conflict with the reversal of the order appealed from, or the modification sought by appellant (10 Carmody-Wait 2d, New York Practice,. § 70:141). Ordinarily, the notice of appeal need not be served upon any defendant who has failed to appear (CPLR 2103, subd [e]; McLear v. Balmat, 194 App. Div. 827, affd. 231 N. Y. 548; 10 Carmody-Wait 2d, New York Practice, § 70:141). None of the defendants appeared in the respective actions herein, nor did they receive notice of the sua sponte application to vacate the judgments entered against them. The situation at bar compares with Argall v. Pitts (78 N. Y. 239) where the Court of Appeals entertained an appeal without a respondent. While the court there indicated that it would not reverse without a notice of appeal being served upon the adverse party, nevertheless it was of the opinion that the order appealed from was proper and accordingly affirmed it. Hence, even if we assume for present purposes that the Administrative Judge was not a proper respondent or adverse party herein, we may affirm if the order in question is correct.
*679 Addressing ourselves to the merits, the Uniform District Court Act requires that a summons be served within the county in which the action is brought unless otherwise authorized by such act or other provision of law other than the CPLR. (UDCA, § 403). Specific authorization for service outside the county is provided for in those instances where the basis for jurisdiction over a nonresident is the transaction of business within a district of the court in the county and the cause of action arose as a result thereof (UDCA § 404, subd. [a], par. 1; subd [b]).
Plaintiff does not question the power of the court to vacate a judgment on its own motion in a proper case, but asserts that jurisdiction existed in many of the actions since they involved contracts executed within the county. In support of this contention, affidavits were submitted in the court below indicating that numerous contracts were with dealers located in Nassau County. However, the mere fact that these dealers were located within the county does not ipso facto establish that the contracts were executed in said county.
In any event, where a summons is served outside the territorial limits of a court, the basis for jurisdiction must be alleged in the pleadings (Lebensfeld v. Tuch, 43 Misc 2d 919; Coffman v. National Union Fire Ins. Co. of Pittsburgh, 60 Misc 2d 81; All-O-Matic Mfg. Corp. v. Shields, 59 Misc 2d 199). It has been held that the court may not grant leave to amend a complaint which fails to plead this jurisdictional requirement and thereby permit a plaintiff to retroactively cure service which was not valid when made (Lebensfeld v. Tuch, supra). None of the complaints here involved alleges any facts upon which jurisdiction may be sustained. The court therefore acquired no personal jurisdiction over any of the defendants.
' Plaintiff further urges that the court below should not have dismissed the actions for lack of jurisdiction, but should have transferred them to the proper courts. While in certain instances a court lacking jurisdiction over the subject matter may transfer an action to the proper court, such procedure is not permissible in the absence of personal jurisdiction. Inasmuch as the District Court of Nassau County never acquired jurisdiction over the persons of the defendants, the court was warranted in vacating the judgments and dismissing the complaints.
The order should be affirmed, without costs.
G-liokman, J., concurs with Hogan, P. J.; Gtxlotta, J., not voting.
Order affirmed.