Rockwell D. Colaneri, J.
Plaintiff moves for summary judgment (CPLR 3212; see, also, UDCA, § 1001; CPLR 101) against the defendant for the sum of $643.95. Defendant, served with a copy of the motion papers, chooses not to oppose the motion.

FACTS

Plaintiff’s cause of action is for “ goods sold and delivered by the plaintiff to the defendant.” At the time of delivery, defendant’s place of business was in Smithtown, New York. Defendant, however, apparently decided that it would be more profitable elsewhere, moved to Kings County, and the summons and complaint were served on it there. Defendant answered with a general denial and a defense of lack of jurisdiction over it.
*270 L
At the outset, “ There are two kinds of jurisdiction that the court must have or obtain, in order to render a valid decision or judgment: first, jurisdiction over the subject matter of the suit or proceeding; second, jurisdiction over the parties to the action” (1 Carmody-Wait 2d, New York Practice, § 2:77 et seq; Hunt v. Hunt, 72 N. Y. 217, 229). This court clearly has subject matter jurisdiction (UDCA, § 202). Jurisdiction over the “ person ” of the defendant presents a problem.
Defendant received the merchandise in Smithtown, New York (within a district of the court in the county [see UDCA, § 404, subd. [a], par. 1]) but was served with process outside the county after it moved its business to Kings County.
n.
Service upon a New York domiciliary may be made anywhere in the world, and under CPLR 313 personal jurisdiction is acquired so long as the defendant is a domiciliary at the time of service. Personal jurisdiction over nondomiciliaries committing the acts prescribed in CPLR 302 may also be required by service of process anywhere in the world. (McKinney’s Cons. Laws of N. Y., Book 7B, Practice Commentaries, Dean McLaughlin, C302:6.) From a literal reading of CPLR 302 and 313, it appears that no jurisdiction may be acquired over a defendant who commits one of the prescribed acts while he is a New York domiciliary, and then changes his domicile. This situation or hiatus was first highlighted by Dean McLaughlin in 1964 (Practice Commentaries to CPLR 302). “ In other words, if, while he is a New York domiciliary, a defendant commits one of the prescribed acts, and then changes his domicile, may he be reached under CPLR 302? ” (McKinney’s Cons. Laws of N. Y., Book 7B, 0302:6.)
Although Dean McLaughlin urged a change in CPLR 302 (cf. Kurland v. Chernobil, 260 N. Y. 254; Vehicle and Traffic Law, § 253), legislative enactment was not forthcoming. Fortunately, State of New York v. Davis (24 A D 2d 240, affd. 18 N Y 2d 950) stated that nondomicile at the time of service is sufficient for jurisdiction under CPLR 302 (see, also, Tebedo v. Nye, 45 Misc 2d 222; O’Connor v. Wells, 43 Misc 2d 1075).
III.
Section 404 of the Uniform District Court Act is the District Court’s “long arm” statute, the District Court equivalent of CPLR 302. (McKinney’s Cons. Laws of ,N. Y., Book 29A, *271 Professor Siegel, Practice Commentaries, CCA, § 404.) The statute contains certain District Court requirements. If service on the defendant corporation cannot be effected by personal delivery within the county, then the corporation shall be deemed a nonresident for the purpose of this section. (TJDCA, § 404, subd. [d]). Having established that the defendant corporation is k nonresident, it may only be served outside the county from acts enumerated in UDCA, § 404 (subd. [a], pars. 1-3).
Section 404 (subd. [a], par. 1) of Uniform District Court Act states that in personam jurisdiction is acquired over a nonresident of the county if he transacts any business within a district of the court in the county. A reading of the section would require two items to be present before this court acquires in personam jurisdiction, namely,, defendant is a nonresident at the time he transacts his business and it must be within a district of the court. (Note — Suffolk County District Court encompasses the five western towns only — see Suffolk County District Court Rule 3935.1 [22 NYCRR 3935.1]; cf. Nassau County District Court Rule 3840.1 [22 NYCRR 3840.1].)
State of New York v. Davis (supra) stated that the Supreme Court’s long-arm statute is applicable to the situation when defendant is a domiciliary when he transacts his business and then subsequently leaves the State. This court interprets the District Court long-arm statute in the same vein. (See, also, Coffman v. National Union Fire Ins. Co., 60 Misc 2d 81; 146-150 W. Sunrise Highway Corp. v. Lee’s Hobby Speedway of New Hyde Park, 54 Misc 2d 913.)
Therefore, service of the summons “ may be made in such manner and at such place regardless of county or state lines, as would confer jurisdiction on supreme court in a like case ”. (UDCA, § 404, subd. [b].) Defendant was served in Kings County, however plaintiff’s problem is not completely solved.
IV.
All-State Credit Corp. v. 669 Defendants (61 Misc 2d 677, 679) held “where a summons is served outside the territorial limits of a court, the basis for jurisdiction must be alleged in the pleadings ” (see, also, Coffman v. National Union Fire Ins. Co., supra; All-O-Matic Mfg. Corp. v. Shields, 59 Misc 2d 199; Lebensfeld v. Tuch, 43 Misc 2d 919). This premise has been criticized as being “unnecessarily harsh ” (Dean McLaughlin, Practice Commentaries, supra).
Nowhere in the UDCA nor the CPLR is it required that the plaintiff plead jurisdictional facts. (See, however, Lebensfeld *272 v. Tuch, supra). The jurisdictional fact required is “in personam” jurisdiction. There is, in addition, no requirement that the plaintiff plead subject matter jurisdiction (for instance, the District Court is one of limited jurisdiction).
If this in personam jurisdictional statement is required, plaintiff should be permitted to amend his pleading to state this requirement. CPLB 203 (subd. [e]) states that a claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, if the original pleading gave notice of the transaction or occurrence (note also that Lebensfeld v. Tuch (supra) assumed that the basis for jurisdiction must be alleged and that the court could not permit plaintiff to retroactively cure service).
When the action is commenced by service of a summons alone, plaintiff’s affidavits may contain the necessary jurisdiction facts (cf. Fraley v. Desilu Prods., 23 A D 2d 79). In Schnall v. Clearfield Cheese Co. (23 A D 2d 652) the court stated “Inasmuch as it does not appear from plaintiff’s amended complaint or his affidavits that he has any such cause of action, the motion under CPLB 3211 (subd. [a], par. 8) to dismiss for lack of jurisdiction should have been granted” (italics added). The Fraley case would encourage the plaintiff to commence his action by service of a summons alone. The District Court is not faced with this problem, as the complaint must be served with the summons (TJDCA, § 901).
A serious problem not discussed in any case or commentary is that of a default based on a complaint which does not allege ‘ ‘ jurisdiction ’ ’. A defendant served with the summons and complaint in California (here in Kings County) can choose to refuse to answer upon the ground that service is improper. Failure to allege ‘ ‘ in personam ’ ’ jurisdiction deprives a defendant of an intelligent choice of whether or not to defend the action. The court can direct the plaintiff to serve a notice of motion to enter a default judgment on the defendant before entering the default. (Cf. CPLB 3215, subd. [f].)
However, the Appellate Term, Second Department, in All-State Credit Corp. v. 669 Defendants (61 Misc 2d 677, 679, supra) stated: “where a summons is served outside the territorial limits of a court, the basis for jurisdiction must be alleged in the pleadings (Lebensfeld v. Tuch, 43 Misc 2d 919; Coffman v. National Union Fire Ins. Co. of Pittsburgh, 60 Misc 2d 81; All-O-Matic Mfg. Corp. v. Shields, 59 Misc 2d 199). It has been held that the court may not grant leave to amend a com *273 plaint which fails to plead this jurisdictional requirement and thereby permit a plaintiff to retroactively cure service which was not valid when made (Lebensfeld v. Tuch, supra). None of the complaints here involved alleges any facts upon which jurisdiction may be sustained. The court therefore acquired no personal jurisdiction over any of the defendants.”
This court cannot therefore consider plaintiff’s affidavit in addition to the complaint (cf. Schnall v. Clearfield Cheese Co., 23 A D 2d 652, supra; Fraley v. Desilu Prods., 23 A D 2d 79, supra) and reluctantly denies plaintiff’s motion for summary judgment, agrees with defendant’s defense that the court lacks jurisdiction, and dismisses the complaint without prejudice.