ROOSEVELT BADGER, Respondent, v. LEHIGH VALLEY RAILROAD CO., Defendant, and PITTSBURGH & LAKE ERIE RAILROAD COMPANY, Appellant.

Fourth Department, October 31, 1974.

*Moot, Sprague, Marcy, Landy, Fernbach & Smythe* (*Richard F. Griffin* and *Courtland R. LaVallee* of counsel), for appellant.

*Paul William Beltz, P. C.* (*John Anderson* of counsel), for respondent.

GOLDMAN, J. Plaintiff-respondent seeks to recover damages for injuries alleged to have been sustained as a result of the negligence of defendant-appellant in owning, maintaining and repairing a railroad car which caused plaintiff's injuries. Defendant is a Delaware corporation, which has never registered or become authorized to do business in New York and which was served with summons and complaint outside the State. It moved

to dismiss the complaint on jurisdictional grounds. Defendant appeals from the order which denied its motion to dismiss for lack of personal jurisdiction and which granted plaintiff's cross motion for leave to serve an amended complaint. The amended complaint contained additional allegations with reference to the jurisdictional question and sought to supply the deficiences in this respect in the original complaint. Defendant's appeal from that part of the order granting leave to serve the amended complaint is without merit. Plaintiff did not attempt to add a new cause of action, but limited the changes in the pleading solely to jurisdictional matter. After securing various extensions of time to answer from June to September, 1973 defendant made its motion to dismiss without serving an answer. Plaintiff served his amended complaint with his cross motion within 20 days of service of defendant's motion to dismiss. Under these circumstances plaintiff was entitled to serve his amended complaint as a matter of right without seeking leave of the court (CPLR 3025, subd. [a]). Defendant's reliance on *Lebensfeld* v. *Tuch* (43 Misc 2d 919) for its contention that a jurisdictionally defective complaint may not be cured by service of an amended complaint is not well-founded. *Lebensfeld* is distinguishable both procedurally and substantively. In that case plaintiff required court permission to serve his amended complaint and could not serve it as a matter of right, as in the instant case. The amended complaint in *Lebensfeld,* in order to establish personal jurisdiction over the defendant, asserted a theory of substantive liability not contained in the original complaint. In the case at bar the cause of action is identical in both the original and amended complaints.

Special Term's denial of the motion to dismiss upon jurisdictional grounds cannot be sustained on the record before us. The amended complaint must meet the requirements of the "long-arm" statute, CPLR 302, in order to confer personal jurisdiction in New York over this foreign corporation. Personal jurisdiction over a nondomiciliary defendant who commits a tortious act outside of the State which causes injury inside the State, as claimed by the plaintiff, cannot be secured unless the defendant meets one of the standards set forth in CPLR 302 (sub. [a], par. [3], cls. [i], [ii]). The amended complaint contains purely conclusory allegations in an effort to satisfy the jurisdictional contacts within New York State. The supporting affidavit of one of plaintiff's attorneys gives no evidentiary fact to supplement the amended complaint's conclusions that defendant regularly does or solicits business in New York, or is

engaged in any other persistent course of conduct in New York, or derives substantial revenues from interstate commerce or international commerce. The bare conclusory allegations that defendant is engaged in interstate commerce and that one of defendant's box cars entered New York are insufficient to support the conclusion that defendant obtains substantial revenues from interstate commerce. The burden of establishing jurisdiction rests upon the party asserting it and "the plaintiff was duty bound to come forth with definite evidentiary facts  *  *  * to support the propriety of the service  *  *  *  outside of this State" (*Lamarr* v. *Klein*, 35 A D 2d 248, 250, affd. 30 N Y 2d 757; *Saratoga Harness Racing Assn.* v. *Moss*, 26 A D 2d 486, affd. 20 N Y 2d 733). At this juncture, this failure on the part of the plaintiff should not be fatal.

As stated in *Peterson* v. *Spartan Ind.* (33 N Y 2d 463, 467) "we believe the plaintiffs have made a sufficient start, and shown their position not to be frivolous. (*Surpitski* v. *Hughes-Keenan Corp.*, 362 F. 2d 254, *supra*.) They should have further opportunity to prove other contacts and activities of the defendant in New York as might confer jurisdiction under the long-arm statute, thus enabling them to oppose the motion to dismiss." A hearing on the issue of personal jurisdiction will give the parties an opportunity to explore fully the jurisdictional question. We recognize, as did the court in *Peterson* v. *Spartan Ind.* (*supra*) that even though the plaintiff has made a "sufficient start" the facts, and particularly statistical data as to interstate commerce, are exclusively in the hands of defendant. As stated at page 467 in *Peterson*, "discovery is, therefore, desirable, indeed may be essential, and should quite probably lead to a more accurate judgment than one made solely on the basis of inconclusive preliminary affidavits". CPLR 3211 (subd. [d]) authorizes disclosure where "facts essential  *  *  * may exist but cannot then be stated". As we stated in *Potter Real Estate Co.* v. *O & S Bearing & Mfg. Co.* (32 A D 2d 883), "the plaintiff was entitled to the opportunity to show that defendant was transacting business in New York State and, therefore, subject to jurisdiction under CPLR 302 (subd. [a], par. 1). (*Agrashell, Inc.* v. *Sirotta Co.*, 344 F. 2d 583; *Crossley Glove Co.* v. *Wakefield Leathers*, 30 A D 2d 598; *Lohne* v. *City of New York*, 25 A D 2d 440.)" Once this procedure is followed Special Term will be in a more knowledgeable position to pass upon defendant's motion to dismiss complaint for lack of personal jurisdiction (*Bristol Recreation Systems* v. *Contract Furnishers Corp.*, 39 A D 2d 639). That portion of the order

appealed from denying defendant's motion should be vacated and the matter remitted to Supreme Court, Erie County, Special Term for a further hearing and determination of defendant's motion to dismiss.

MARSH, P. J., CARDAMONE and MAHONEY, JJ., concur.

Order unanimously modified in accordance with opinion and as modified affirmed without costs.