Albert A. Oppido, J.
Defendant, Fortin Laminating Corp. (hereinafter referred to as Fortin), a Delaware corporation, has moved, pursuant to CPLR 3211 (subd. [a], par. 8), for an order dismissing this action as to it upon the ground that this court lacks in personam jurisdiction over Fortin. This matter was set down for a hearing by order of Mr. Justice Meade.
The issue before this court is whether plaintiff has shown enough to establish: (1) that defendant, Fortin, is doing business in New York sufficient for in personam jurisdiction, pursuant to CPLR 301; or (2) that the defendant, Fortin, is transacting or has transacted “.any business within the state ”, pursuant to *1026 CPLR 302 (subd. [a], ¡par. 1); or (3) that the defendant, Fortin, is committing o-r has committed a “tortious act within the state ”, pursuant to CPLR 302 (subd. [a], par. 2); or (4) that the defendant, Fortin, is committing or has committed a “ tortious act without the state causing injury to person or property within the state ”, if it also “ regularly does or ¡solicits business * * * in the state” or “derives substantial revenue from goods used or consumed or services rendered in the state ” (CPLR 302, subd. [;a], par. 3, cl. [i]), or if it also “ expects or should reasonably expect 'the 'act ¡to have consequences in the state and derives substantial revenue from interstate or international commerce ” (CPLR 302, subd. [a], par. 3, el. [ii]).
The court, after hearing the testimony of the two witnesses, who were called at the hearing, and reviewing the exhibits offered into evidence, makes the following finding of facts:
The defendant, William Murphy, who became the eastern sales manager for the defendant, Fortin, in November, 1973, was formerly employed by the plaintiff as ¡national ¡sales manager until he left .the ¡employ of ¡the plaintiff in January, 1973. Mr. Murphy resides in New York and spends 4 to 5% of bis total working hours in New York. This time is "spent calling on customers and directing, working with and supervising ¡salesmen, some of whom work exclusively for Fortin, while others are manufacturers’ representatives, who work for several companies. One of these salesmen, Richard Lucier, is employed exclusively by defendant, Fortin. Mr. Lucier not only solicits orders from customers in New York 'and ¡other northeastern States, which ¡orders are then phoned in to California or sent "by mail to that State, but also .offers advice to customers in New York and checks from time to time with ¡these customers to see if there are any problems with the ¡epoxy glass that Fortin manufactures and ¡sells. All orders are approved in California, where the material is manufactured and the product is then shipped ¡directly to the customer. Brochures are circulated in New York, both by mail .and by personal delivery, and advertising for Fortin’¡s products is placed in magazines, which are national in scope ¡and which are circulated in New York. The ■total dollar value ¡of Fortin’s business each year is approximately $10,000,000 of which $400,000 is done in New York. This $400,000 ¡represents .sales to approximately 10 customers, the largest of whom purchases $200,000 worth of Fortin’s products each year. Fortin has no office, telephone, bank account or warehouse in New York, nor does it own any real property in this State. ¡
*1027 Prefatorily, the court notes ¡that a plaintiff who ¡seeks to invoke the in personam jurisdiction of this court with respect to ,a nonresident defendant must expressly 'allege in the complaint facts bringing the nonresident within CPLR 301 or CPLR 302 (see All-State Credit Corp. v. Defendants Listed in 669 Default Judgments, 61 Misc 2d 677, 679 ; Coffman v. National Union Fire Ins. Co., 60 Misc 2d 81; Lebensfeld v. Tuch, 43 Misc 2d 919).
The allegations contained in paragraph 16 of the complaint are insufficient to predicate jurisdiction over Fortin, pursuant to CPLR 301. Moreover, the facts elicited at the hearing, when coupled with the allegations in the complaint, are still insufficient. The mere solicitation of business in New York is not, enough .to constitute “ doing business” in New York under CPLR 301 (Frummer v. Hilton Hotels Int., 19 N Y 2d 533, 536; Miller v. Surf Props., 4 N Y 2d 475, 480) even though that solicitation ¡consisted of advertising in New York media (Delagi v. Volkswagerk AG of Wolfsburg, Germany, 29 N Y 2d 426, 432). Nor is the mere shipment of goods from outside the State to local buyers, pursuant ¡to the .above solicitations sufficient (Millner Co. v. Noudar, Lda., 24 A D 2d 326, 330 and cases cited therein). This is especially true when, .as here, the contract of sale is not final until 'approved by Fortin in California (Fremay v. Modern Plastic Mach. Corp., 15 A D 2d 235, 241; Irgang v. Pelton & Crane Co., 42 Misc 2d 70). Moreover, the fact that Mr. Murphy is a New York resident is of no particular moment (Fremay v. Modern Plastic Mach. Corp., supra, p. 241) no.r is the presence of Mr. Lucier ¡and Mr. Murphy/ employees of the defendant, Fortin, in New York on corporate business enough upon which to predicate a finding that Fortin was “ present within -our jurisdiction ” (Meunier v. Stebo, 38 A D 2d 690, 592). It is this court’s conclusion that the defendant, Fortin, is not engaged in such a continuous and ¡systematic course of “ doing business ” in New York as to warrant a finding of its “presence” in this ¡jurisdiction under OPLR 301 (Delagi v. Volhswagemverh AG of Wolfsburg, Germany, supra).
We turn now to a consderation of whether the defendant, Fortin, has “ transacted] any business within the state” so as to come within the purview of CPLR 302 (¡subd. [a], par. 1). Nowhere in the complaint is there a claim that the plaintiff’s cause of action against Fortin arose out of the transacting of any business in New York. ■ For this reason, jurisdiction would fail under CPLR 302 (subd. [a], par. 1). (Ferrante Equip. *1028 Co. v. Lasker-Goldman Corp., 26 N Y 2d 280, 283; American Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp., 439 F. 2d 428).
CPLR 302 (subd. [a], par. 3, cl. [ii]) also may not be relied upon by plaintiff to obtain in personam jurisdiction oveir the defendant, Fortin. That section .requires not only that defendant commit a tortious act without the 'State causing injury to plaintiff in this -State, but also that the defendant expect or should reasonably expect the act to have consequences in the State and that defendant derive substantial revenues from goods used or consumed or services rendered in the State. Since the record demonstrates that Fortin derives only 4% of its revenues from this State, an amount which as a matter of law cannot be considered '“¡substantial revenues ”, as that term is used in CPLR¡302 (subd. [a], par. 3, cl. [ii]) (Chunky Corp. v. Blumenthal Bros. Chocolate Co., 299 F. Supp. 110; see, also, McLaughlin, Practice Commentaries, McKinney’s Cons. Laws of N. Y, Book 7B, CPLR 302, pp. 89-90), reliance upon this section is misplaced.
It is, however, the conclusion of the court, ¡that in personam jurisdiction over Foirtin may be obtained, pursuant to CPLR 302 (isubd. [a], par. 2), which provides that this court may exercise personal jurisdiction over a foreign defendant who, in person or through 'an agent, “ commits a tortious act within the .state ’Yin the instant case, the gravamen of plaintiff’s claim • against Fortin is that Fortin “maliciously induced ’’.the defendant, Murphy, to violate an agreement between Murphy and the plaintiff whereby Murphy agreed that for .a period of two years following the termination of his employment with the plaintiff, Murphy would not ¡become an employee of .any business similar to the business conducted by plaintiff and that for a period of five years- following the termination of his employment with the plaintiff, Murphy would not disclose any confidential information concerning plaintiff’s business or trade secrets. Moreover, plaintiff alleges that by reason of the above, Fortin has “ wrongfully divert [ed] business and customers from plaintiff to itself ”. The evidence adduced at the hearing demonstrates that much of the negotiations between Fortin and Murphy leading up to Fortin’s employment of Murphy occurred on the telephone. These telephone conversations took .place over a thiree-week period between Mr. Murphy in New York and Mr. Del and Mr. Brady, employees of Fortin, in California. These telephonic negotiations., which led up to Murphy’s employment by Fortin, were purposeful activities in this State so as to subject *1029 Fortin to ithe jurisdiction of our courts under CPLR 302 (subd. Da], par. 2) (¡see Parke-Bernet Galleries v. Framklyn, 26 N Y 2d 13, 17).
Furthermore, since it is claimed that Fortin has diverted business in New York from the plaintiff, as a .result of its employment of Murphy, this would also support jurisdiction over Fertin under CPLR 302 (subd. [a], par. 2) (cf. American Eutectic Welding Alloys Sales Co. v. Dytron Alloys Corp., 439 F. 2d 428, supra; Mountain States Sports v. STiarman, 353 F. Supp. 613).
Of .course, if Fortin’s activities in securing the employment of Mr. Murphy were considered to have taken place without the State of New York, in personam jurisdiction over Fortin would lie pursuant to CPLR 302 (subd. [a], par. 3, cl. [i]). The court reaches this conclusion because the amount offbusiness solicited by Fortin in New York, while not sufficient to constitute “ doing business ” under CPLR 301, is, in the opinion of this court, sufficient under CPLR 302 (subd. [a], par. 3, cl. [i]) in light of the tortious nature of the acts allegedly committed by Fortin (McLaughlin, Practice Commentaries, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 302, pp. 88-89).
In sum it is the court’s conclusion that Fortin’s “ ‘ contacts ’ with this State were such 1 that the maintenance of the * * * suit does not offend “ traditional notions of fair play and substantial justice.” ’ ” (Hi Fashion Wigs v. Hammond Adv., 32 N Y 2d 583, 587 and cases cited therein.)