Gioanna I. Lacarrubba, J.
This is a motion for a traverse hearing and a cross motion for an order dismissing the action *519 on the ground that the court lacks personal jurisdiction over the defendants.
This action was commenced against the defendant, Fox Ledge Corp., by delivering a copy of the summons and complaint to the managing agent of the corporation in Holtsville, Suffolk County, New York, and against the defendant, Melvin Casher, by delivering a copy of the summons and complaint to a person of suitable age and discretion at his actual place of business in Holtsville, Suffolk County, New York, and by mailing a copy of the summons and complaint to the defendant at his last known residence, in Massapequa, Nassau County, New York. In their answer the defendants allege as an affirmative defense lack of personal jurisdiction.
With respect to the defendant, Melvin Casher, it is contended that the action should be dismissed because the plaintiff failed to allege the basis for jurisdiction in the complaint. The defendant contends that the mailing of the summons and complaint to the defendant’s last known residence in Nassau County constituted service outside the territorial limits of the court and that therefore, the jurisdictional basis should have been alleged in the complaint. The defendant also states in his affidavit that service was never received by him or by anyone at his place of business.
With respect to the defendant Fox Ledge Corp., it is contended that the action should be dismissed because service was never made upon the managing agent of the corporation.
In opposition the plaintiff submits an affidavit of the process server stating that service was made upon the managing agent of the corporation and contends that because a copy of the summons and complaint was delivered to the defendant’s actual place of business in Suffolk County, service was made within the territorial limits of the court and that therefore the jurisdictional basis need not be alleged in the complaint.
It is this court’s opinion that the delivery of a summons to a person of suitable age and discretion at the defendant’s actual place of business within the jurisdictional limits of the court and mailing a copy of the summons to the defendant’s last known residence outside the territorial limits of the court constitutes service outside the territorial limits of the court requiring the jurisdictional basis to be alleged in the complaint. The mere fact that a copy of the summons was delivered to the defendant’s actual place of employment is immaterial. Service could not have been completed without mailing a *520 copy of the summons to the defendant’s last known residence outside the county. The fact that the defendant is regularly employed within the territorial limits of the court, in itself, does not justify extraterritorial service. (Roder v Goldsmith, 49 Misc 2d 882.)
The Uniform District Court Act requires that a summons must be served within the county in which the action is brought unless otherwise authorized by, such act or provision of law other than the CPLR. (UDCA, § 403.) Section 404 of the Uniform District Court Act more specifically provides those instances when extraterritorial service may be made upon a nonresident. In these instances extraterritorial service may be made upon a nonresident but only if the jurisdictional basis is alleged in the pleadings. (All-State Credit Corp. v Defendants Listed in 669 Default Judgments, 61 Misc 2d 677; Henry Sash & Door Co. v Medi-Complex, 69 Misc 2d 269.)
Accordingly, the defendant’s motion to dismiss for lack of jurisdiction on the grounds that the plaintiff failed to allege the jurisdictional basis in the complaint is granted without prejudice. Consequently, it is unnecessary to consider the other grounds on which the defendant Melvin Casher moves.
With respect to the defendant, Fox Ledge Corp., the parties have raised issues of fact concerning the service of process which can only be resolved at a hearing. Accordingly, the plaintiff’s motion for a hearing and the cross motion of the defendant, Fox Ledge Corp., are granted to the extent that a traverse hearing will be held at a date and time to be fixed by the clerk of the court.