OPINION OF THE COURT
Scott Fairgrieve, J.
The plaintiff moves, pursuant to CPLR 3215, for an order granting a default judgment in favor of the plaintiff, Beverly Hills, P.C., as assignee of Eslam Teaima, and against the defendant, AIG Insurance Company.
The plaintiff, a health care provider, seeks judgment for health services rendered to Eslam Teaima (the assignor) as a result of an automobile accident occurring on November 7, *534 2001. The defendant allegedly provided no-fault benefits to Ms. Teaima at the time of the accident.
A review of the file demonstrates that the summons and complaint were served upon AIG Insurance in New York County at 175 Water Street, New York, New York. Plaintiff served the notice of motion for a default judgment upon defendant at its offices in Nassau County at Two Jericho Turnpike, Second Floor, Jericho. The New York No-Fault Motor Vehicle Insurance Law report of attending physician or other providers of health service or treatment contains the location of AIG Insurance at Two Jericho Plaza, Second Floor, Jericho, New York 11753; this appears on the form dated November 27, 2001. The verified complaint (dated Apr. 9, 2002) alleges that the defendant transacts business in Nassau County. The affidavit of service dated April 19, 2002 states that the summons and complaint were served on defendant at the said New York County address.
To properly serve defendant, plaintiff must comply with the mandates of Uniform District Court Act article 4 — Summons. UDCA 403 states:
“Service of summons shall be made in the manner prescribed in supreme court practice, including the optional method of service by mail authorized by CPLR 312-a, but it shall be made only within the county unless service beyond the county be authorized by this act or by such other provision of law.”
Professor David D. Siegel states in the Practice Commentaries to UDCA 403 that the said section provides “the territorial limits on the reach of the court’s summons.” (McKinney’s Cons Laws of NY, Book 29A, UDCA 403, at 493.) Service of the summons must be made within Nassau County unless there is a particular statute that permits service outside the county. The statute is clear that the CPLR cannot be utilized as a basis to sanction service outside the county. Statutes that permit service outside the county include UDCA 404, Business Corporation Law § 306 (c) and Vehicle and Traffic Law § 253 (2).
In the case at bar, plaintiff served defendant outside Nassau County even though plaintiff knew that defendant had a business office in Nassau County, i.e., transacts business within the county. To sustain jurisdiction of service outside Nassau County, the criteria of UDCA 404 must be satisfied. UDCA 404 (a) and (d) state in part:
“(a) Acts which are the basis of jurisdiction. The court may exercise personal jurisdiction over any *535 non-resident of the county, or his executor or administrator, as to a cause of action arising from any of the acts enumerated in this section, in the same manner as if he were a domiciliary of the state and a resident of the county, if, in person or through an agent, he:
“1. transacts any business within a district of the court in the county; or
“2. commits a tortious act within a district of the court in the county, except as to a cause of action for defamation of character arising from the act; or “3. owns, uses or possesses any real property situated within a district of the court in the county Hi * *
“(d) Corporation or association. If service of the summons cannot be effected by personal delivery thereof within the county so as to acquire in personam jurisdiction of a corporation or unincorporated association, such corporation or association shall be deemed a non-resident of the county for purposes of this section.”
Since plaintiff acknowledges that defendant has an office for the transaction of business within Nassau County, defendant cannot be validly served outside Nassau County because UDCA 404 (d) only permits service outside Nassau County when the defendant doesn’t have an office for the transaction of business within the county. Phrased differently, a defendant who has an office within Nassau County for the transaction of business cannot be deemed a nonresident of the county (pursuant to UDCA 404 [a]) to permit service outside Nassau County to sustain jurisdiction; in this case the court has no jurisdiction over the defendant. Thus, service of the summons and complaint upon AIG in New York County does not permit the court to allow entry of judgment on a default. Justice Niehoff discussed this subject in Coffman v National Union Fire Ins. Co. of Pittsburgh (60 Misc 2d 81, 82-83 [Nassau Dist Ct 1969]), wherein he noted that:
“While the service of a summons may ordinarily be made only within the County of Nassau (see UDCA, § 403), section 404 of the UDCA allows the District Court to exercise in personam jurisdiction over nonresidents who perform certain specified acts while within the territorial jurisdiction of one of the districts of the court. *536 “Subdivision (d) of said section provides that: ‘If service of the summons cannot be effected by personal delivery thereof within the county so as to acquire in personam jurisdiction of a corporation * * * such corporation * * * shall be deemed a non-resident of the county for the purposes of this section.’ In the case at bar, plaintiff effected service of the summons by delivery thereof without the county. Apparently such service was made because plaintiff could not effect service by personal delivery of the summons within the county inasmuch as defendant had no office within the county.”
This court retains its supervisory power (inherent discretion) as to whether to allow a plaintiff judgment to be entered against a nonappearing defendant. See Rivera v Laporte (120 Misc 2d 733, 735 [Sup Ct, NY County 1983]), wherein the court wrote the appropriate judicial philosophy which has application to the case at bar:
“The submission of a motion on default does not impose upon the court a ministerial duty to grant whatever relief is demanded. Lack of opposition does not deprive the court of the duty to exercise its inherent discretion. (See 4 Weinstein-Korn-Miller, NY Civ Prac, par 3215.09 [Dec. 1982 Supp]; Howard Oil Co. v Morris, 90 Misc 2d 713.) The court’s responsibility to assure that justice is done is not qualitatively different on a default than it is on a fully litigated motion. Thus, if proof is absent, insufficient, or untrustworthy, if proper procedure has not been followed, or service not made, or notice not timely given, where a valid cause of action is not stated, or if jurisdiction is absent, the moving party cannot presume entitlement to the requested relief, even on default. (See Kahn v Friedlander, 90 AD2d 868.) Similarly, even if there appears to be no opposition, the court should not exercise its power, whether common-law, statutory or inherent, in a manner or under circumstances where it could work an injustice to litigants, or even to nonparties (see Mansfield State Bank v Cohn, 58 NY2d 179); it cannot legally exercise its power where it would effect deprivation of a constitutional right.”
*537 Bleier v Koegler (28 AD2d 835, 835-836 [1st Dept 1967]) states: “Apart from the question as to whether sufficient cause had been shown to excuse the failure to enter the default judgment within one year pursuant to CPLR 3215 (subd. [c]), if there was no jurisdiction over the person of defendant-appellant no default judgment might be entered.”
Thus the court will not allow the entry of a default judgment where to do so would violate the clear mandate of UDCA 403 and 404.
Furthermore, CPLR 3215 (f) requires the submission by a party of the facts constituting the claim. The instant application does not have proof of mailing of the no-fault verification form to the defendant insurance company. See Metroscan Imaging v American Tr. Ins. Co. (NYLJ, Dec. 10, 1999, at 27, col 5 [Civ Ct]), wherein the court stated that for a plaintiff to sustain a prima facie case, plaintiff must produce an executed assignment of benefit form and a form with proof of mailing of same.
Conclusion
The plaintiffs application to enter a default judgment against AIG is denied.
An additional ground to refuse entry of judgment is the fact that no proof of mailing of the no-fault verification forms to defendant has been submitted.