OPINION OF THE COURT
Scott Fairgrieve, J.
Plaintiffs application pursuant to CPLR 3215, seeking entry of default judgment in favor of plaintiff against defendant Allstate Insurance Company must be denied and the action dismissed for the reasons stated herein.
*639 Plaintiff Carlos R. Tauz, L.M.T., as assignee of Juan E. Lucero, seeks to recover the sum of $6,397.59 for medical services provided to Mr. Lucero pursuant to the No-Fault Law, article 51 of the Insurance Law, and the regulations of the New York State Insurance Department (11 NYCRR 65.10 et seq.). The affidavit of service states that Allstate was served with the summons and complaint on August 27, 2003 at 10:00 a.m. in Suffolk County at 888 Veterans Memorial Highway, Hauppauge, New York. A letter dated October 1, 2003 was sent to Allstate at a Nassau County address at 60 Charles Lindbergh Boulevard, Uniondale, New York 11553, stating that plaintiff would seek a default judgment against Allstate unless an answer was served within 10 days. The second page of the notice of motion provides that Allstate is located at 60 Charles Lindbergh Boulevard, Union-dale, New York 11553. However, the affidavit of service concerning the application for a default judgment was mailed to Allstate at a different Nassau County address, 1111 Marcus Avenue, Lake Success, New York.
This court has seen numerous cases involving no-fault claims where service is made at one location and other types of mailings are sent to a different location which in the opinion of the court is a deliberate attempt to cause confusion on a large insurance company with the result that a default judgment may be entered. This court will no longer tolerate this gamesmanship and will dismiss actions or refuse to enter default judgments when the law is not followed. UDCA 403 states:
“Service of summons shall be made in the manner prescribed in supreme court practice, including the optional method of service by mail authorized by CPLR 312-a, but it shall be made only within the county unless service beyond the county be authorized by this act or by such other provision of law, other than the CPLR, as expressly applies to courts of limited jurisdiction or to all courts of the state.”
Pursuant to UDCA 403, service must be made within Nassau County unless service is authorized by some other provision of law such as UDCA 404.
UDCA 404 (d) states:
“(d) Corporation or association. If service of the summons cannot be effected by personal delivery thereof within the county so as to acquire in personam jurisdiction of a corporation or unincorporated association, such corporation or association *640 shall be deemed a non-resident of the county for purposes of this section.”
It is clear from reading UDCA 404 (d) that a corporation can only be served outside Nassau County if it can’t be served by personal delivery within Nassau County.
Plaintiff has demonstrated to the court that Allstate has at least two Nassau locations. This court has already ruled that service of a summons and complaint upon an insurer outside Nassau County when it has an office in Nassau County for personal delivery of pleadings is ineffective to confer jurisdiction upon the defendant insurer. (See Beverly Hills v AIG Ins. Co., 194 Misc 2d 533 [Nassau Dist Ct 2003].)
In Long Is. Garage Door Co. v Stafford (53 Misc 2d 568 [Nassau Dist Ct 1967]) plaintiff sought an order amending the summons nunc pro tunc. Service was made outside Nassau County and served in Suffolk County. The court stated that service of the summons outside Nassau County was void and deprived the court the ability to allow amendment of the summons unless service was specifically authorized. The court stated (at 569):
“A somewhat different situation presents itself here. In this case, the summons was served outside the territorial jurisdiction of this court. This can be validly done only under certain statutorily prescribed circumstances. (See UDCA, §§ 403, 404.)
“It may well be that one reason formal pleadings are required by the statute where service is made without the county is to apprise the defendant of what the jurisdictional basis for such service is, if any, and to enable him to attack jurisdiction if he were so advised.
“CPLR 320 (subd. [b]) provides that objection to jurisdiction over the person must be raised by answer or motion or it is waived.
“The court cannot act to direct an amendment of the summons unless it has jurisdiction. Certainly, a summons served outside the territorial jurisdiction of this court is void except as specifically provided for (UDCA, § 403). Even an appearance by defendant will not confer jurisdiction where personal jurisdiction is based solely upon section 404 of the UDCA if the cause does not, in fact, arise out of an act enumerated therein.
“It is incumbent upon the plaintiff to demonstrate that this court, at least prima facie, has jurisdiction *641 here and that service outside the county was properly authorized.”
In Made-Ready Door Co. v Fox Ledge Corp. (86 Misc 2d 518 [Suffolk Dist Ct 1976]), service was made to the individual Melvin Casher by delivery of the summons and complaint to a person of suitable age and discretion at his place of employment in Suffolk and mailing same to Mr. Casher to his Nassau County residence.
The court wrote that service outside Suffolk by mailing the summons and complaint to Mr. Casher’s home in Nassau was not justified by either UDCA 403 or 404 (at 519-520):
“It is this court’s opinion that the delivery of a summons to a person of suitable age and discretion at the defendant’s actual place of business within the jurisdictional limits of the court and mailing a copy of the summons to the defendant’s last known residence outside the territorial limits of the court constitutes service outside the territorial limits of the court requiring the jurisdictional basis to be alleged in the complaint. The mere fact that a copy of the summons was delivered to the defendant’s actual place of employment is immaterial. Service could not have been completed without mailing a copy of the summons to the defendant’s last known residence outside the county. The fact that the defendant is regularly employed within the territorial limits of the court, in itself, does not justify extraterritorial service. (Roder v Goldsmith, 49 Misc 2d 882.)
“The Uniform District Court Act requires that a summons must be served within the county in which the action is brought unless otherwise authorized by, such act or provision of law other than the CPLR. (UDCA, § 403.) Section 404 of the Uniform District Court Act more specifically provides those instances when extraterritorial service may be made upon a nonresident. In these instances extraterritorial service may be made upon a nonresident. In these instances extraterritorial service may be made upon a nonresident but only if the jurisdictional basis is alleged in the pleadings. (All-State Credit Corp. v Defendants Listed in 669 Default Judgments, 61 Misc 2d 677; Henry Sash & Door Co. v MediComplex, 69 Misc 2d 269.)”
In Coffman v National Union Fire Ins. Co. of Pittsburgh, Pa. (60 Misc 2d 81 [Nassau Dist Ct 1969]), the automobile accident *642 occurred in Queens County and the action arose out of a dispute over medical payments. The plaintiff and the defendant’s insured resided in Queens County. The defendant insurance company had a Nassau office at the time of the accident but this office was subsequently closed before service of the summons and complaint. Service was made upon the defendant in New York County.
Defendant moved to dismiss because no grounds existed under UDCA 404 for the court to exercise jurisdiction over the defendant.
The court dismissed the action because no basis existed under the criteria of UDCA 404 to sustain jurisdiction and permit service outside the county. The court further noted that the complaint failed to allege jurisdictional facts which would allow the court to invoke in personam jurisdiction over the nonresident. Based upon the foregoing, the court dismissed the action without prejudice.
In the case at bar, no justification exists to allow service upon Allstate in Suffolk when Allstate has two offices located in Nassau County by the plaintiffs own admission. This court will not permit this type of practice to continue whereby service is made outside Nassau County and other types of notices are sent to different offices within Nassau with the apparent attempt to cause confusion with the defendant so that a default judgment may result.
The submission of a motion does not impose upon the court a ministerial duty to grant the relief sought. This court has the inherent power not to enter judgment (even on default) where jurisdiction is lacking. (See Rivera v Laporte, 120 Misc 2d 733 [Sup Ct, NY County 1983]; Weinstein-Korn-Miller, NY Civ Prac ¶ 3215.09; Howard Oil Co. v Morris, 90 Misc 2d 713 [Civ Ct, NY County 1977]; Kahn v Friedlander, 90 AD2d 868 [3d Dept 1982].)
This court is dismissing the plaintiffs action without prejudice.
Conclusion
Service upon Allstate in Suffolk County is prohibited under UDCA 403 and 404 where Allstate has a Nassau County office. No basis has been shown in the complaint nor in the moving papers to permit long-arm service under UDCA 404. Thus the *643 complaint is dismissed without prejudice to be renewed upon service authorized by UDCA 403.