**UNITED STATES of America, Plaintiff,**

v.

**Stephen DUMA, Defendant.**

United States District Court
S. D. New York.

Feb. 28, 1964.

Robert M. Morgenthau, U. S. Atty. for the S. D. New York, for the United States; Richard A. Givens, Asst. U. S. Attorney, of counsel.

Simonson & Cohen, Staten Island, N. Y., for defendant; Daniel Cohen, Staten Island, N. Y., of counsel.

WYATT, District Judge.

The first point is the motion to dismiss the five counts, 11, 12, 13, 14 and 15, because no part of the offense was committed in the Southern District, through which the mailed matter passed but in which there was no mailing and no receipt of mail.

When I studied that question and read the cases cited for the defendant it confirmed my first feeling that 18 U.S.C. § 3237(a) gives a plain answer to the motion and requires that it be denied.

The second paragraph of Section 3237 (a) was added in 1948 by 62 Stat. 826 and it was added specifically by the Congress to meet the decision in United States against Johnson, 323 U.S. 273, 65 S.Ct. 249, 89 L.Ed. 236 in 1944 where the problem was a prosecution under the False Dentures Act, or statute of other name involving sending false teeth through the mail—from Chicago to Houston, Delaware—and the question was whether the exporter of the false teeth from Chicago could be prosecuted on information in the District of Delaware.

The Supreme Court in deciding the case said that the exporter could only

be prosecuted in the District of Illinois and the Supreme Court went a good deal into the problem of venue of the trial of criminal actions and gave the section—incidentally, it arose on a motion in advance of trial and not at the trial—and gave a fairly narrow reading to the statute on policy grounds, some of which are suggested by the argument made and the cases cited for defendant on this motion to dismiss.

But the Supreme Court specifically pointed out that it was acting on a construction of the statute which was there involved and that constitutionally Congress could, if it so desired, acting under the concept of a continuing offense, in effect legislate the decision out of existence.

In the course of its opinion the Supreme Court said (323 U.S. at 275, 65 S.Ct. at 250, 89 L.Ed. 236):

"By utilizing the doctrine of a continuing offense, Congress may, to be sure, provide that the locality of a crime shall extend over the whole area through which force propelled by an offender operates."

Then reading directly on the problem before us now (323 U.S. at 275, 65 S.Ct. at 250, 89 L.Ed. 236):

"Thus, an illegal use of the mails or of other instruments of commerce may subject the user to prosecution in the district where he sent the goods, or in the district of their arrival, or in any intervening district."

Congress very quickly—that is, quickly for the legislative machinery—adopted the permissive suggestion of the Supreme Court and passed what is now the second paragraph of Section 3237(a).

Under the circumstances, therefore, it seems clear that a prosecution under Section 1341 can be in any district through which a letter or other matter deposited in the mails passes on its way from the place of sending to the place of delivery.

This conclusion has been specifically stated as dicta, but it seems to me under the circumstances to be perfectly sound dicta. I refer to United States v. Cashin where our Court of Appeals (2 Cir., 281 F.2d 669, at 674) speaking through Chief Judge Lumbard says:

"It has long been settled that in prosecutions for mail fraud trial may be had only in the place of mailing, the place of receipt of the mail, and places through which the mailed matter passed."

The last, of course, "through which the mailed matter passed", is the case put by the present motion.

Chief Judge Lumbard cites two cases. One of them, the Loisel case, Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989, does not seem to support Chief Judge Lumbard, but in any event his statement of the law is accurate in view of the present form of Section 3237(a).

There is also a repetition of the same sort of dictum in United States v. Hoffa, 205 F.Supp. 710, 722 (S.D.Fla. 1962).

I also believe that there is nothing in Section 1341 which has "otherwise expressly provided" (18 U.S.C. § 3237 (a)) because there is nothing expressly said about venue in Section 1341 and it would seem that even without Section 3237(a), if Section 1341 were liberally interpreted, there could be a prosecution in any district through which the mail passed, but it is unnecessary to speculate about that.

■ I am also persuaded that such an objection as is raised by this motion is out of time when not asserted until after the government has rested at the trial, and I refer to United States v. Fabric Garment Co., 262 F.2d 631 (2d Cir. 1958).

Accordingly the motion to dismiss the counts specified must be denied.