Walter H. BLAICH, Jr., Petitioner,

v.

The COUNTY OF PUTNAM, State of New York, Hon. William Braatz, Sheriff of the County of Putnam, Respondents,

and

The Attorney General of the State of New York, Additional Respondent.

No. 94 Civ. 3071 (VLB).

United States District Court, S.D. New York.

May 20, 1994.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

Petitioner Walter H. Blaich, Jr., has filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, seeking relief from his conviction on February 24, 1993 in the County Court of Putnam County, New York for grand larceny in the second degree.

The Court finds, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, that it plainly appears from the face of the petition that the petitioner is not entitled to relief in this Court, and the case is dismissed.

The indictment charged petitioner, a member of the Bar, with obtaining escrow funds, $100,000 of which he obtained in trust in Putnam County in March, 1991. The indictment charged petitioner with wrongfully withholding such funds from those entitled thereto, beginning in July 1991. Petitioner alleges that Putnam County had no jurisdiction to try him because only the initial receipt of the funds, lawful when viewed in isolation, but not the subsequent misappropriation of them, occurred in that county. Petitioner further claims that the indictment did not adequately allege jurisdiction in Putnam County, that geographical jurisdiction of the Putnam County Grand Jury was not established, that the attorney for the alleged victim rather than the victim was permitted to address the sentencing judge, and that jurisdiction was sustained on appeal on grounds not alleged in the indictment nor proven at trial.

■ No contention is made that evidence of guilt was insufficient, nor that trial in Putnam County was inconvenient for petitioner, or deprived him of access to witnesses or other evidence, or that the tribunal was predisposed against petitioner, or otherwise prejudiced his defense. No evil consequences whatever have been shown to flow from the venue chosen.

Indeed such evil consequences were virtually impossible. By choosing a bench rather than jury trial, petitioner avoided any possibility of local jury prejudice; New York jurists are not confined to any particular locale. Moreover, petitioner makes no claim that the trial judge was biased nor to have made any objection to the identity of the trial judge. Absent evidence that critical witnesses were unable or unwilling to come to Putnam County, no prejudice of a Constitutional dimension could have occurred to petitioner were venue erroneous under state law. No significantly distant forum has been alleged to have been utilized.

■ No federal constitutional violation is presented by any fact alleged by petitioner. The Sixth Amendment to the Constitution provides that in criminal prosecutions, the accused shall enjoy the right to trial "by an impartial jury of the State and district wherein the crime shall have been committed ..." Federal law is persuasive with respect to the meaning of this constitutional guaranty. Under 18 U.S.C. § 3237, federal prosecutions may proceed "in any district in which [an] offense was begun, continued, or completed." Under that section and constitutional limitations, all relevant factors may be considered. *United States v. Reed,* 773 F.2d 477, 481 (2d Cir.1985). To attempt to segregate obtaining funds in one location from its later misappropriation ostensibly in another would amount to artificial disaggregation of the total factual picture. See *Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 707, 82 S.Ct. 1404, 1414–15, 8 L.Ed.2d 777 (1962).

■ Section 3237 further provides that a case "involving the use of the mails [or] transportation in interstate or foreign commerce ... is a continuing offense and ... may be ... prosecuted in any district from, through or into which such commerce [or] mail matter moves." See *United States v. Duma,* 228 F.Supp. 755 (S.D.N.Y.1964). By analogy, moving escrow funds from one county to another, after which they were plundered, would constitute a continuing offense in both counties if challenged under principles drawn from federal jurisprudence.

This approach to venue is emphasized by the 1988 amendments to the civil venue stat-

ute, 28 U.S.C. § 1391(a) and (b), both of which permit suits where "a substantial part of the events or omissions giving rise to the claim occurred. ..."

The State of New York could reasonably regard the place where an escrow fund was secured by a wrongdoer as the place where the crime was begun. This is particularly logical because securing the funds was an active event; retaining them, which petitioner asserts is the proper definition of his criminal conduct, is a passive event far more difficult to confine to single location. Petitioner, a member of the Bar, has cited no authority to the contrary in the petition or any accompanying papers.

The Constitution of the United States does not dictate how states shall divide their territories for differing purposes. Use of counties as a basis for venue—including criteria for how they will be utilized—is essentially a matter for the State to determine. If the state judiciary holds a given county a proper site for trial, the state-law concept of "county" cannot automatically be equated with the federal constitutional concept of "district" under the Fifth Amendment. Indeed, this Court can take judicial notice that federal district courts in New York each contain numerous counties. There is no suggestion that the Framers of the Constitution or the Bill of Rights would have intended to limit state prosecutions to geographic areas narrower than those of the federal system itself.

Even were venue in Putnam County improper, in order to secure relief under 28 U.S.C. § 2254, petitioner would have to show resulting prejudice. Where a ruling involving conduct of a trial in a state criminal prosecution is alleged to violate the Constitution in a federal *habeas corpus* case, to succeed the petitioner must show that the questioned ruling was likely to have a substantial and injurious effect or influence in determining the verdict. *Brecht v. Abrahamson,* — U.S. ——, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). No such showing has been attempted here, much less made.

Absence of a federal claim with respect to the proper county for trial vitiates all of petitioner's claims but the one concern-

ing sentencing, which also falls because no prejudice can be inferred from the mere fact of the identity of the person who makes an argument to a jurist. Petitioner's various procedural variations on the geographical jurisdiction issue allege solely state law violations if any violations of law at all.

For a member of the Bar to obtain and then betray the trust of clients with respect to their funds is a particularly objectionable act which the courts as part of the legal system should be vigilant to prevent. See Stone, "Public Influence of the Bar," 48 Harv.L.Rev. 1 (1934). Successful use of procedural technicalities absent prejudice to the petitioner to seek to avoid the consequences of such professional misconduct cannot be permitted.

SO ORDERED.