Peter W. SLUYS, Plaintiff,

v.

Albert C. HAND, Defendant.

No. 92 Civ. 7972 (VLB).

United States District Court, S.D. New York.

Sept. 13, 1993.

Peter W. Sluys, pro se.

Veronica H. Mandel, Quirk & Bakalor, PC, New York City, for defendant.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This case brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, presents questions of responsibility for improper mailing of dunning notices to debtors' employers, what constitute improper threats, the definition of debt collector, and issues relating to personal jurisdiction and venue in the district to which debt collection mail is sent. Subject matter jurisdiction is asserted based upon 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. 1692k.

Defendant moves to dismiss for lack of personal jurisdiction and for failure to state a claim, supported by affidavits pursuant to Fed.R.Civ.P. 12(b)(6). I find that the complaint states a claim and that jurisdiction and venue are proper, deny the motion to dis-

miss, and grant leave to either party to move for summary judgment.

## II

The Fair Debt Collection Practices Act, enacted by Public Law 95–109, 91 Stat. 880 (1977) as amended ("the Act"), protects only "consumers," not businesses as such. The statute defines "consumer" to include any natural person claimed to owe a debt:

> The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.

15 U.S.C. § 1692a(3). This definition covers business debts if incurred by a sole proprietor. The statute defines "debt collector" as one who regularly collects or attempts to collect debts.

Although creditors engage in unfair collection tactics as do independent debt collectors, the Act in the main does not apply to those who collect their own debts without pretending to utilize an independent collector:

> The term "debt collector" means any person who ... regularly collects or attempts to collect ... debts owed or due or asserted to be owed or due another ...

15 U.S.C. § 1692a(6). This does not mean that creditors are free to use unfair tactics. They are subject to the Federal Trade Commission Act's prohibition against unfair or deceptive practices affecting commerce (15 U.S.C. § 45) and to its injunctive provision (15 U.S.C. § 53[b]), and implementing rules (16 C.F.R. § 444), upheld in *American Financial Services Ass'n v. FTC*, 767 F.2d 957 (D.C.Cir.1985), *cert. denied* 475 U.S. 1011, 106 S.Ct. 1185, 89 L.Ed.2d 301 (1986). They are also subject to federal antifraud provisions such as 18 U.S.C. §§ 1341 (mail fraud) and 1345 (injunctive relief against fraud), and to state law.[1]

The definition of debt collector formerly excluded attorneys, but Public Law 99–361 eliminated that exception in 1986 by deleting former 15 U.S.C. § 1692a(6)(F).

The Act also prohibits the sending of letters to a debtor's employer, as part of a more general restriction against communications with third parties in connection with the collection of a debt:

> Except [in seeking location information] as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector ... a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, [the consumer's] attorney, a consumer reporting agency ..., the creditor, the attorney of the creditor, or the attorney of the debt collector. 15 U.S.C. § 1962c(b).[2]

The Act further prohibits any "threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

A descriptive statement concerning the debt must be sent to the debtor within five days of the original communication to the debtor. 15 U.S.C. § 1692g. Where the Act is found to be violated with respect to a person, that person may obtain actual damages, such additional damages as the court may allow not exceeding $1,000, and reasonable attorney's fees as determined by the court. 15 U.S.C. § 1692k(a).

## III

Plaintiff resides in New York. Defendant, a lawyer practicing in Indiana, mailed a letter to plaintiff seeking to collect a debt on behalf of a third party. Defendant also sent a copy of the debt collection letter to plaintiff's employer, postmarked September 28, 1993, and addressed as follows:

Our Town Publishers, Inc.

3090 Central

Pearl River, New York 10965

---

**1.** Where a sufficiently adverse effect on interstate commerce has been shown, nonstatutory Executive standing to sue for relief based upon 28 U.S.C. § 1345 has been found, predicated upon *In re Debs,* 158 U.S. 564, 15 S.Ct. 900, 39 L.Ed. 1092 (1895). See *United States v. Brand Jewelers,* 318 F.Supp. 1293 (S.D.N.Y.1970).

**2.** New York law contains a comparable, but perhaps broader, prohibition: "No ... creditor ... or ... agent shall ... [c]ommunicate or threaten to communicate the nature of a ... claim to the debtor's employer prior to obtaining a judgment against the debtor." N.Y.Gen.Bus.Law § 601(4).

The letter sent to plaintiff stated in part:

> ... I will expect to receive a check from you ... within the next seventy-two hours so that legal action does not have to be instituted against you. Please be advised that if this matter is brought to Court there will be additional costs and legal fees.

The letter contained a notation at the bottom left as follows: "cc: Our Town Publishers, Inc."

The defendant has submitted affidavits arguing that the mailing of the letter to the employer was a secretarial error based on a business card listing plaintiff's business address, indicating that the secretary received no specific or background instructions on how to handle such matters. The defendant also disclaims engaging in regular debt collection practice and challenges the propriety of bringing this case in this district.

## IV

■ Personal jurisdiction may be found in this case based on New York's "long arm" statute, N.Y.Civ.Prac. Law & Rules § 302(a)(1), made applicable by Fed.R.Civ.P. 4(c)(2)(C)(i). This statute, which is similar to those in other states, is based on impact within New York of activities generated by an out-of-state party. See generally *United States v. Goldberg*, 830 F.2d 459, 463 (3d Cir.1987); Karmel, "The Second Circuit's Role in Expanding the SEC's Jurisdiction Abroad," 65 St. John's L.Rev. No. 3 at 743 (Summer 1991); see also *Alesayi Beverage Corp. v. Canada Dry Corp.*, 797 F.Supp. 320 (S.D.N.Y.1992).

By sending the letters in dispute from Indiana into New York, defendant caused an impact in New York, and plaintiff's claim is predicated upon the act of sending the letters and their impact in New York. *Smith v. Kelly*, 664 F.Supp. 131 (S.D.N.Y.1987). Defendant performed purposeful acts in Indiana causing consequences in New York in connection with efforts to collect the alleged debt. See *Sterling National Bank & Trust Co. v. Fidelity Mortgage Investors*, 510 F.2d 870 (2d Cir.1975).

Since any exercise of personal jurisdiction must satisfy the constitutional due process standard established by *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), " '[it] is essential in each case that there be some act by which the defendant purposefully avails [itself] of the privilege of conducting activities within the forum state', thus invoking the benefits and protections of its laws...." *George Reiner & Co. v. Schwartz*, 41 N.Y.2d 648, 651, 394 N.Y.S.2d 844, 363 N.E.2d 551 (1977), quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). This test is met here. See *Bastille Properties v. Hometels of America*, 476 F.Supp. 175, 177 (S.D.N.Y.1979).

Where an alleged debtor is located in a jurisdiction and receives documents from a person purporting to be a debt collector located elsewhere, and the transmittal of those documents is claimed to have violated the Act, suits may be brought where the debtor—and in this action the employer—receive the communications. Otherwise, one could invoke the protection of distance and send violative letters with relative impunity, at least so far as less well-funded parties are concerned. See generally *Aldens, Inc. v. Miller*, 610 F.2d 538, 539 (8th Cir.1979), *cert. denied* 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980); *Aldens, Inc. v. Ryan*, 571 F.2d 1159 (10th Cir.), *cert. denied* 439 U.S. 860, 99 S.Ct. 180, 58 L.Ed.2d 169 (1978); *Aldens, Inc. v. LaFollette*, 552 F.2d 745 (7th Cir.), *cert. denied* 434 U.S. 880, 98 S.Ct. 236, 54 L.Ed.2d 161 (1977); see also *In re Estate of Clark*, 21 N.Y.2d 478, 486, 288 N.Y.S.2d 993, 998, 236 N.E.2d 152, 157 (1968).

The concept that consumer-business disputes should be judicially resolved where the consumer's part in the events occurs is reflected in New York law, which bars suits against consumers in connection with debts, other than where they live or signed the alleged contract. See N.Y.Civ.Prac.L. & R. Rule 305; *All State Credit Corp. v. 669 Defendants (Reiss)*, 61 Misc.2d 677, 306 N.Y.S.2d 596 (App. Term, 2d Dept.1970). New York law in this area is consonant with federal law:

Any debt collector who brings any legal action on a debt against any consumer shall [except in real property mortgage cases] bring such action only in the judicial district ... (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action.

15 U.S.C. § 1692i(a); see *Spiegel, Inc. v. FTC,* 540 F.2d 287 (7th Cir.1976) (suits to collect debts at forum distant from consumer constituted unfair practice under 15 U.S.C. § 45); Chen, "Due Process as Consumer Protection: State Remedies for Distant Forum Abuse," 20 Alb.L.Rev. 9 (1986).

A non-restrictive approach toward forum determination under the Act is set forth in 15 U.S.C. § 1692k(d), which does not expand personal jurisdiction parameters but indicates that they should not be construed in an unduly restrictive way in cases under the Act. It provides:

An action to enforce any liability created by this [Act] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction

...

See also *Lachman v. Bank of Louisiana,* 510 F.Supp. 753 (N.D.Ohio 1981) (credit card issuer continued to do business with cardmember who moved; can be sued at later residence in case under the Act).

■ Here, the distant forum imposed upon defendant is triggered by his own action in projecting his allegedly improper debt collection effort into New York. Venue is proper in the location into which the allegedly improper mailing was sent, based upon 28 U.S.C. § 1391(b) as amended in 1990, which permits suit in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." The Second Circuit has interpreted this section to authorize venue in a suit under the Act in the district into which a collector's demand was sent. *Bates v. C & S Adjusters,* 980 F.2d 865 (2d Cir.1992). *Bates* confirms that any prior presupposition that there can be only one proper venue has been superseded. See *Big Baby Co. v. Schecter,* 812 F.Supp. 442 (S.D.N.Y.1993); *Braun v. California Business News,* 1992 WL 131052, 1002 U.S. Dist. LEXIS 8422 (S.D.N.Y.1992).

Venue in locations to which mail is sent is considered permissible in other contexts as well. See 18 U.S.C. § 3237; *United States v. Duma,* 228 F.Supp. 755 (S.D.N.Y.1964). Permissibility of venue, while distinct from personal jurisdiction, is also persuasive in satisfying the element of fundamental fairness which is required by due process and is an element in long-arm jurisdiction.

Considerations of fairness and due process here favor plaintiff's position. Defendant knew or reasonably should have known that by sending the debt collection letters into New York, he was running the risk of suit in New York in connection with that activity. See *Burger King v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

### V

■ An initial threshold question under Act is whether the defendant is a "debt collector" as defined by the Act (15 U.S.C. § 1692a[6] ). The complaint properly alleges such status.

Defendant's motion is filed under Fed. R.Civ.P. 12(b)(6) as one to dismiss. Were I to consider defendant's affidavits, clear notice to plaintiff that I was considering such a course would be necessary. Rule 12(b) explicitly states that if summary judgment is being considered, ". . . all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Information about defendant's law practice or side-line debt collection activities, if any, which might support the allegation of the complaint that he regularly engaged in debt collection as defined in 15 U.S.C. § 1692, is exclusively available to defendant and unavailable to plaintiff without discovery. Defendant's letter to plaintiff, quoted in part III above, suggests—it does not establish—that "hardball" debt collection communications are at least not unknown to the defendant.

I decline to grant dismissal of the complaint at this stage in the litigation based on defendant's uncorroborated denial of other

debt collection activity. See *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 95 (3d Cir.1988); *Dayse v. Schuldt*, 894 F.2d 170, 173–74 (5th Cir.1990). Further factual development will undoubtedly establish whether or not plaintiff can sustain his burden of showing that defendant regularly collected or attempted to collect debts and hence was a "debt collector" under the Act's definition.[3]

## VI

■ Sending debt collection letters to an alleged debtor's employer and other third parties (with certain exceptions irrelevant here), violates 15 U.S.C. § 1692c(b). Here, such a letter was addressed directly to plaintiff's employer (not to the employee at the address of, or in care of, the employer).

Defendant's affidavits assert that this was due to a *bona fide* secretarial error, committed notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. If established, this would be an affirmative defense under 15 U.S.C. § 1692k(c).

■ There is no indication anywhere in defendant's submissions that any procedures to avoid illegal debt collection methods in fact were employed. If such precautions had in fact been in place, it would have been difficult for a dunning letter to be addressed directly to plaintiff's employer. Defendant's affidavits contain no suggestion of any cautionary instructions to the secretary or other precautions.[4]

Some requirements of the Act are technical. The ban on writing to employers about debts of an employee is not. An act in violation of this ban amounts to a practice *malum in se*, the objectionable aspects of which should be obvious to the ordinary citizen without resort to specific instructions. Apart from the longstanding recognition that such conduct is abusive in the debt collection context,[5] ordinary experience clearly indicates the problematic nature of such behavior. Sending a copy to B, A's employer, of a hostile letter to A is an inherently provocative act which ordinary experience would suggest should not be done. Such event would hence be relatively unlikely to occur by accident unless a devil-may-care atmosphere prevailed, inconsistent with a 15 U.S.C. § 1692k(c) defense.[6]

## VII

Defendant's dunning letter to plaintiff, quoted in part III above, indicated that unless the debt was paid, litigation might ensue. Debt collection, like law enforcement, must be both fair and effective in order to be either. Permitting debtors to avoid payment of legitimate debts passes the cost of their delinquency on to creditors and others with whom the creditors do business. It would be counterproductive to penalize a debt collector for suggesting that steps which legally could be taken might in fact be taken.

If a step threatened by a debt collector "is not intended to be taken," 15 U.S.C.

---

**3.** Were the question of defendant's status as a "debt collector" under 15 U.S.C. § 1692a(6) necessarily dispositive of this litigation, I would consider directing separate discovery as to this element of plaintiff's claim prior to any other proceedings. But whether defendant ultimately qualifies as a "debt collector" under the Act may or may not be dispositive of this litigation.

A claim on similar grounds to those asserted under the federal Act could be brought under N.Y.Gen.Bus.Law §§ 609 *et seq.*, including improper communication by one seeking to collect a debt with plaintiff's employer in violation of § 601(4). Since the parties here are of diverse citizenship, this court might have jurisdiction under 28 U.S.C. § 1332 if the amount in controversy exceeded $50,000 exclusive of interest and costs. The amount in controversy has not been alleged and cannot now be determined, since plaintiff has not alleged specific damages.

**4.** Failure to review documents can itself constitute a violation of the Act where misleading results are predictable. See *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir.1993) (mass mailing misleadingly indicating attorney had examined documents).

**5.** See N.Y.Gen.Bus.Law § 601(4); Federal Trade Commission, New York Regional Office, *Staff Report on Debt Collection Hearings* (1973).

**6.** Defendant's protestation that procedures reasonably adapted to avoid such accidents were in place may unwittingly lend credence to plaintiff's claim that defendant was a "regular" debt collector: if he were not regularly engaged in such collection there would be no reason to have such procedures in place.

§ 1692e(5) may be violated. Bringing a lawsuit for nonpayment is an ordinary activity which should be assumed to be contemplated unless the contrary is clearly established. By contrast, sending a letter to an employer of a debtor mentioning the alleged debt is an extraordinary activity, from which an adverse inference of willful misconduct can be drawn. *Direct Sales Co. v. United States,* 319 U.S. 703, 63 S.Ct. 1265, 87 L.Ed. 1674 (1943).

■ If a threatened step such as initiating a lawsuit is both legal and plausible, it would defy common sense to determine, absent special circumstances not alleged here, that it is actionable under the Act because "not intended" to be taken. In order to establish a violation of 15 U.S.C. § 1692e(5) because of the indication in the communication complained of that nonpayment might lead to suit, plaintiff would have to show that a lawsuit—a routine debt collection device where negotiations fail—could be ruled out. This might be concluded if, for example, a creditor had a fixed practice of not bringing suits against customers in order to promote good will, or had advertised an unlimited satisfaction guarantee inconsistent with such lawsuits.

In other contexts, threats to do what one may properly do are not ordinarily deemed improper or actionable. *Stromberger v. 3M Company,* 990 F.2d 974 (7th Cir.1993). This concept is akin to the common sense perception that the greater (the right to act) includes the lesser (threatening to act), a rule having significant but far from conclusive weight in constitutional cases. See Sullivan, *Unconstitutional Conditions,* 102 Harv. L.Rev. 1415 (May 1989).

### VIII

■ A threat to sue a consumer for a debt in a distant location where the consumer did not reside or engage in the transaction would be contrary to 15 U.S.C. § 1692i, and also to 15 U.S.C. § 45 as construed in *Spiegel, Inc. v. FTC,* 540 F.2d 287 (7th Cir.1976); see also N.Y.Civ.Prac.L. & R. 305; *All State Credit Corp. v. 669 Defendants (Reiss),* 61 Misc.2d 677, 306 N.Y.S.2d 596 (App. Term, 2d Dept. 1970); Chen, "Due Process as Consumer Protection: State Remedies for Distant Forum Abuse," 20 Alb.L.Rev. 9 (1986). Contrary to plaintiff's suggestions, there appears to be no indication in defendant's communications that suit in Indiana was contemplated.

### IX

■ Defendant's letter, quoted in part III above, went beyond a mere threat of legal action. It also set forth a demand for plaintiff's check within seventy-two (72) hours to avoid litigation, and indicated that litigation may entail liability for legal fees. In these latter two respects, a claim under 15 U.S.C. § 1692e(5) is stated.

The purported seventy-two (72) hour deadline simulated an emergency situation requiring immediate surrender on the part of the adversary to avoid drastic consequences including litigation and exposure to legal fees. Defendant makes no suggestion that such a deadline in fact existed in his mind, in that of his client, or elsewhere. See *Cacace v. Lucas,* 775 F.Supp. 502 (D.Conn.1990); *Rosa v. Gaynor,* 784 F.Supp. 1 (D.Conn.1989).

The reference to potential liability on the part of the debtor for attorney's fees if suit was brought appears to be misleading as a matter of law. No contractual or statutory basis has been suggested for imposing legal fees on the plaintiff if the debt was indeed owed. See generally *First National Bank of East Islip v. Brower,* 42 N.Y.2d 471, 398 N.Y.S.2d 875, 368 N.E.2d 1240 (1977); *Mead v. First Trust & Deposit Co.,* 60 A.D.2d 71, 400 N.Y.S.2d 936 (4th Dept.1977); 28 U.S.C. § 3011 (flat fee only in certain governmental debt collection suits).

### X

By way of summary, I have denied the motions now before me. Such denial does not foreclose pursuit of the same arguments based on an adequate factual showing under Fed.R.Civ.P. 56. While ruling that the complaint states a claim, and that personal jurisdiction and venue exist, I have declined to convert defendant's motion to dismiss into a motion for summary judgment, which would have delayed my ruling on those issues before me. In connection with any such mo-

tion, the parties may wish to consider the following questions among others:

(a) Whether defendant can furnish more concrete and less conclusory information with respect to collection activities by him with respect to any debts, whether undertaken as an attorney, as an informal accommodation to anyone (with or without fee), or as a private citizen. As part of any such submission, defendant may wish to provide information concerning the source of the language used in the letter sent to plaintiff in this case.[7]

(b) What injury, if any, plaintiff suffered as a result of the letter sent to his employer, an issue not dealt with in the complaint and on which plaintiff must carry the burden of proof. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Plaintiff does not allege in the complaint that the underlying alleged debt either was paid, or was not properly due to defendant's client. A claim under the Act should not become a tactic to derail collections of legitimate debts by opening a separate insulated battleground in which the debtor can win but not lose. To achieve the objectives laid down in Fed.R.Civ.P. 1, sentence 2 (the just, speedy and inexpensive determination of every action), all interrelated aspects of a controversy should be heard in the same tribunal at the same time if practicable.

If this case is not settled, and if the claim for the amount allegedly due is assigned to defendant, defendant may without further leave file an amended answer asserting a counterclaim with respect to the assigned claim. See Fed.R.Civ.P. 13(a), 13(b); see also 28 U.S.C. § 1367(a); *Kramer v. Caribbean Mills,* 394 U.S. 823, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969).

SO ORDERED.

---

**7.** If deposition discovery of defendant under Fed. R.Civ.P. 30 as well as documentary discovery under Fed.R.Civ.P. 34 should be necessary, the parties may wish to discuss means of avoiding the need for plaintiff to travel to Indiana or defendant to travel to New York for that purpose. This may be achieved by means of a telephonic deposition by stipulation or court order pursuant to Fed.R.Civ.P. 30(b)(7).