United States Court of Appeals,
Fifth Circuit.
No. 94-10385.

FIRST GIBRALTAR BANK, FSB, Plaintiff-Counter Defendant-Appellee,

v.

Jimmy D. SMITH, et al., Defendants,

Thomas A. Oddo, Defendant-Counter Plaintiff-Appellant.

Aug. 30, 1995.

Appeal from the United States District Court for the Northern District of Texas.

Before WISDOM, DUHÉ and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

Appellant Thomas A. Oddo ("Oddo") appeals both the district court's dismissal of his counterclaims under both the Texas Debt Collection Act, TEX.REV.CIV.STAT.ANN. art. 5069-11.01 *et seq.* and the Federal Fair Debt Collection Act, 15 U.S.C. § 1692 *et seq.,* and the court's calculation of damages owed to Appellee First Gibraltar Bank ("First Gibraltar") on the guaranty signed by Oddo. We affirm.

I.

On June 12, 1985 Oddo entered into a limited partnership with Jimmy D. Smith and others to acquire and develop property located in Dallas County, Texas, eventually known as Meadowcreek Village Apartments. The partnership borrowed $10,000,000.00 from First Texas Bank. Oddo executed a guaranty providing that:

> Notwithstanding anything contained herein to the contrary, the liability of Guarantors shall be limited to an amount equal to (i) any and all principal due and owing on the

Note up to but not exceeding $1,000,000.00, plus (ii) all accrued and unpaid interest on such amount plus (iii) ten percent (10%) of any and all amounts due and payable by Debtor in connection with the Note and any other instrument (the "Loan Documents") executed in connection with the lending transaction to which the Note relates, including, without limitation, accrued interest added to principal.

The underlying debt went into default and, in 1987, First Texas Bank filed suit in Texas state court. In 1988 First Texas Bank was declared insolvent and the Federal Savings and Loan Insurance Corporation was appointed as receiver. First Gibraltar subsequently purchased the assets of First Texas Bank. The state court entered an interlocutory summary judgment in favor of First Gibraltar on the guaranty signed by Oddo, ordering Oddo to pay First Gibraltar $2,189,644.40 plus attorneys' fees, costs and post-judgment interest.

After judgment was entered, the case was removed to federal court. The district court dismissed Oddo's state and federal consumer debt collection counterclaims, holding that the transaction was commercial rather than for personal or household use and that First Gibraltar was not a debt collector as contemplated by both the federal and state fair debt collection acts. The state court summary judgment award was left undisturbed.

## II.

Oddo contends that the language of the guaranty limits his liability to $1,000,000.00. He argues that the state court's judgment of $2,189,644.40 exceeds the $1,000,000.00 cap provided in the guaranty and is not supported by summary judgment evidence.

Once a state case is removed to the federal court, we review

2

any state court order as if it were a federal court order. *Walker v. F.D.I.C.,* 970 F.2d 114, 121 (5th Cir.1992). Thus, "[w]e review the summary judgment award de novo, independently of the state or federal district court, and resolving all reasonable doubts and drawing all reasonable inferences in favor of the party opposing summary judgment." *Id.* (citations omitted).

Our review of the summary judgment evidence before the state court supports the court's award of $2,189,644.40. We find Oddo's allegation that the guaranty limits his liability to $1,000,000.00 contrary to the plain language of the guaranty itself. The guaranty specifically states that Oddo is liable for principal due up to $1,000,000.00, *plus* interest on that amount, *plus* ten percent of *any and all amounts due and payable* including interest. Reviewing the affidavits and other summary judgment evidence submitted to the state court in connection with the total amounts due on the $10,000,000.00 loan at the time the state court considered the motion, we conclude that the court's calculation of $2,189,644.40 is reasonable and supported by the record. The summary judgment evidence conclusively establishes that Oddo is liable for at least the amount awarded by the state court.

## III.

Oddo next contends that the district court erred in dismissing his state and federal consumer debt collection claims because First Gibraltar is a debt collector under both the state and federal definitions. He argues that because First Gibraltar is not the first owner of the loan and guaranty, it is engaging in the

collection of a debt for another.

The district court, after reviewing letter briefs submitted at its request, found both the Federal Fair Debt Collection Act and the Texas Debt Collection Act inapplicable to the case and dismissed Oddo's fair debt collection claims raised in his First Amended Counterclaim and Crossclaim as unfounded, apparently concluding that Oddo had failed to state a claim for relief. Although First Gibraltar did not file a Rule 12(b)(6) motion to dismiss, the court was authorized to consider the sufficiency of Oddo's counterclaims on its own initiative. *Guthrie v. Tifco Industries,* 941 F.2d 374, 379 (5th Cir.1991), *cert. denied,* 503 U.S. 908, 112 S.Ct. 1267, 117 L.Ed.2d 495 (1992). Our review of the district court's dismissal for failure to state a claim for relief is *de novo. Leffall v. Dallas Independent School Dist.,* 28 F.3d 521, 524 (5th Cir.1994).

The Federal Fair Debt Collection Act defines a debt collector as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purposes of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6) (West Supp.1995). A debt is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5)

4

(1982).  The Texas Debt Collection Act defines a debt as "any obligation arising out of a consumer transaction."  TEX.REV.STAT.ANN. art. 5069-11.01(a) (Vernon 1987).  A consumer is defined as "an individual who owes or allegedly owes a debt created primarily for personal, family or household purposes."  TEX.REV.STAT.ANN. art. 5069-11.01(d) (Vernon 1987).

We find that, on its face, the language of the federal statute does not include First Gibraltar because it is not collecting a "debt" for itself or another, but rather, is attempting to enforce an obligation under a guaranty agreement in connection with a commercial transaction.  The district court concluded that the transaction, including the partnership's purchase of real estate, was commercial, not for personal or household purposes.  On appeal, Oddo offers no evidence to suggest that the district court's conclusion is erroneous.  Because the guaranty agreement was not personal in nature, it does not constitute a debt as defined by the federal statute.  Similarly, under the Texas statute, neither the partnership nor Oddo himself qualifies as a consumer.  Thus, we find the obligation arising out of the commercial transaction does not constitute a "debt" as defined under the Texas statue either.  Because the district court's conclusion is supported by the record, we find that the district court was correct in dismissing Oddo's claims under the Texas Debt Collection Act and the Federal Fair Debt Collection Act.

IV.

For the reasons articulated above, the judgment of the

5

district court is AFFIRMED.