Doris BEATON, Plaintiff,

v.

REYNOLDS, RIDINGS, VOGT AND MORGAN, P.L.L.C., Defendant.

No. CIV–97–983–A.

United States District Court, W.D. Oklahoma.

Jan. 15, 1998.

Robert J. Clair, Oklahoma City, OK, for Doris Beaton, plaintiff.

James W. Vogt, Lisa Russell, Reynolds Ridings Vogt & Morgan, Oklahoma City, OK, for Reynolds, Ridings, Vogt & Morgan, P.L.L.C., defendant.

## ORDER

ALLEY, District Judge.

Before the Court are cross-motions for summary judgment filed by defendant on October 31, 1997 and plaintiff on November 14, 1997, and the responses thereto. This case concerns an alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Both parties seek a ruling under Fed.R.Civ.P. 56 on whether defendant's effort to collect a debt that plaintiff allegedly owed to a third party was subject to the Act. For reasons that follow, the Court finds that it was not.

## MATERIAL UNDISPUTED FACTS

Plaintiff Doris Beaton is a self-employed certified public accountant. Since 1990, she has conducted a CPA practice from her business office in Oklahoma City. She advises clients and prepares documents for them on various matters, including tax returns, financial statements, payroll issues, now business planning, and budgeting.

Defendant Reynolds, Ridings, Vogt and Morgan, P.L.L.C., is a law firm. One of its associates wrote a letter to Ms. Beaton in an effort to collect an unpaid debt allegedly owed to one of its clients, Commerce Clearing House (CCH).

Plaintiff testified as follows concerning her dealings with CCH. She contracted with CCH to deliver a periodic publication, "Federal Tax Service," to her business office for use in her practice. She purchased the publication in order to stay informed about tax laws and to advise her clients. The disputed debt concerns charges for a CD–ROM version of the tax publication. She received the CD–ROM disks but did not use them due to lack of training. She also purchased another publication, "Medicare–Medicaid Guide," for the purpose of exploring whether to offer services in that area. She did not actually use the Medicare guide in her practice, but she ordered it thinking she might do so.

## STANDARDS GOVERNING SUMMARY JUDGMENT

Summary judgment is appropriate if the evidence on file "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). When considering a summary judgment motion, a court must view all facts and inferences in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986). If the evidence leads to only one reasonable conclusion, summary judgment is proper. *Id.* at 250, 106 S.Ct. at 2511.

A party's failure to make a sufficient showing on an essential element of her case renders all other facts immaterial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. A movant need only point out that there is an absence of evidence to support an essential element of the non-movant's case. *Id.* at 325, 106 S.Ct. at 2553–54. Then, the non-movant must go beyond the pleadings and set forth specific facts demonstrating that there in a triable issue. *Id.* at 324, 106 S.Ct. at 2553; *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; Fed.R.Civ.P. 56(e).

## DISCUSSION

The Act protects consumers from abusive debt collection practices and requires debt collectors to follow certain procedures in dealings with consumers. It defines "debt" to mean any payment obligation of a consumer "arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes...." 15 U.S.C. § 1692a(5). It defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." *Id.* § 1692a(3).

Defendant frames the issue as whether plaintiff's alleged debt to CCH is covered by the Act, that is, whether it is a "debt" under

§ 1692a(5). Defendant contends that it is not, because plaintiff purchased CCH publications for use in her business practice and not primarily for personal, family, or household use. Defendant argues that this case involves a business, rather than consumer, debt and that business debts are not covered by the Act, citing *First Gibraltar Bank, FSB v. Smith*, 62 F.3d 133 (5th Cir.1995); *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067 (9th Cir. 1992); *Munk v. Federal Land Bank*, 791 F.2d 130 (10th Cir.1986).

Plaintiff presents a two-fold argument. First, she contends that she is a consumer protected by the Act and, as a consumer who also is sole proprietor of a business, even business debts are covered, citing *Sluys v. Hand*, 831 F.Supp. 321, 323 (S.D.N.Y.1993). Second, plaintiff argues that her CCH account was a consumer debt because, as a professional, she used CCH's materials for personal educational purposes. The Court rejects both of these arguments.

Plaintiff's first argument is plainly wrong. An individual is a "consumer" under the Act only if he or she has an alleged "debt," and the Act's definition of "debt" encompasses only transactions that are entered into primarily for personal, family, or household purposes. To the extent *Sluys* stands for the proposition that the Act does not require proof of such a purpose, the decision is in error.[1]

Plaintiff's second argument is not supported by the undisputed facts or her deposition testimony. Under the case law cited by defendant, as well as *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 481–82 (7th Cir.1997), the critical question is the purpose served by the subject of the transactions, in this case, the CCH materials. When expressly asked about the purpose of her purchases from CCH, plaintiff testified as follows:

Q This statement that we've looked at from CCH referencing some CD ROMS relating to Federal Tax service, is it your contention that these CD ROMS would be something that would be primarily for the personal family or household use, or is it something that you would have used for your CPA practice?

A Are you asking me specifically or just in general do people order this?

Q I'm asking you specifically. Did you order this for your CPA practice?

A When I ordered my initial subscription, I ordered it for use in my practice. (Beaton Dep. at 27.) Similarly, while plaintiff purchased CCH's Medicare guide in order to evaluate whether she wished to expand her practice into a new area, this purpose related to a business venture, not personal edification.

Plaintiff has failed to satisfy her burden to show a triable issue of fact as to whether her CCH bill was a "debt" subject to the Act. She has presented no fact or evidence suggesting that the materials she purchased from CCH were primarily for personal use. Therefore, defendant is entitled to judgment as a matter of law.

### CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment is GRANTED, and Plaintiff's Motion for Summary Judgment is DENIED. Judgment will be entered accordingly.

---

1. The portion of *Sluys* quoted by plaintiff is dicta, and the decision concerned a motion to dismiss under Rule 12(b).