I .CARAWAY, J.
In this action, a Louisiana plaintiff claims harassment by a New Jersey company regarding the company’s prior filing of suit against plaintiff in New Jersey. The New Jersey suit involved suspicious charges against plaintiffs credit card and plaintiff was successful in having that suit dismissed. Upon institution of this suit against the New Jersey defendant, the trial court granted defendant’s exception of lack of personal jurisdiction over the foreign company. Finding a lack of minimum contacts for personal jurisdiction, we affirm the trial court’s ruling.

Facts

Steven R. Hollis (“Hollis”) fives in Bossier City, Louisiana. Hollis has a Citibank credit card account. Defendant, Info Pro Technology T/A PC Warehouse (“Info Pro”), is a New Jersey corporation selling computer hardware at a store in New Jersey. Although Hollis claims never to have made any purchases from Info Pro, Info Pro received telephone orders on four occasions totaling $6,377.16 from someone using Hollis’ credit card. The ordered merchandise was delivered to a Pennsylvania address. Info Pro contends that it followed required verification procedures for the orders including address verification and then shipped the products to Pennsylvania.
Hollis disputed the charges by Info Pro that appeared on his credit card statement. Hollis claims that he never transacted any business with Info Pro and has not authorized any third person to use his credit card number. Hollis has not lost or misplaced his credit card template and does not know how his credit card number was acquired by some third-party imposter. Info Pro submitted a request for payment to its bank, Summit Bank, who in turn forwarded the request for payment to Citibank. After Hollis lodged an oral and written dispute with | ^Citibank, Citibank investigated the matter and resolved the dispute in Hollis’ favor refusing to pay Summit Bank and Info Pro. Pursuant to its contract with Info Pro, Summit Bank then refused to allow the charges and the loss was charged back to Info Pro.
An attorney for Info Pro, Daniel Hoffman, sent Hollis a letter dated February 4, 1999 advising him that because he and Citibank had refused to honor the credit card charges, Info Pro had no alternative but to file suit. Hollis then sent Hoffman a letter informing him that the purchases from Info Pro on his credit card were fraudulent and he had been released from liability by Citibank. Hollis included letters from Citibank, copies of his credit card billing statements and a notarized Affidavit of Unauthorized Use dated October 23, 1998. Hollis concluded by requesting that he be dropped from the lawsuit. Hoffman responded by letter dated February 16, 1999 that although Citibank may have released Hollis from liability, Hollis’ statement that he was not responsible for the charges would not, on its face, allow Info Pro to release him from the debt.
On March 29, 1999, Info Pro filed suit in New Jersey against Hollis, Summit Bank, Merchant Card Services, Citibank and under alternate pleadings permitted in New Jersey, John and Jane Does 1-5, the alleged defrauders. Info Pro had Hollis served with the suit in Bossier City through a process server. Hollis retained New Jersey counsel who obtained Hollis’ dismissal on the grounds that the New Jersey court lacked personal jurisdiction over him. Hollis then filed this suit in Louisiana naming Info Pro as defendant. In his petition, Hollis alleges he was contacted by Info Pro and its attorney who have engaged in a harassing and vexatious *186 collection campaign and that various and numerous torts were committed by Info Pro itself and through its attorney, Hoffman.
laOn June 11, 1999, Info Pro filed an exception for lack of personal jurisdiction over the person of defendant. Following a hearing, the exception was sustained by the trial court. In the trial court’s opinion, it found Hoffman sent two letters to Hollis and Info Pro itself had no contact with Louisiana. Hollis appeals contending that even one tortious and violative letter or contact is adequate “minimum contacts” to support specific jurisdiction.

Discussion

The Louisiana “long-arm” statute, La. R.S. 13:8201, extends personal jurisdiction of courts sitting in Louisiana, both state and federal, to the limits permitted under the due process clause of the Fourteenth Amendment. Petroleum Helicopters, Inc. v. Avco Corp., 513 So.2d 1188 (La.1987). The due process clause of the Fourteenth Amendment protects an individual’s liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful “contacts, ties or relations.” Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Due process generally demands that the nonresident defendant have “certain minimum contacts with [the forum] such that the maintenance of the suit does not offend ‘traditional notions of fair play and substantial justice.’ ” International Shoe, supra. at 316, 66 S.Ct. 154, citing Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940).
“Minimum contacts” can be established either through contacts sufficient to assert specific or general jurisdiction. Specific jurisdiction over a non-resident corporation is appropriate when that corporation has purposefully directed its activities at the forum state and the “litigation results from alleged injuries that ‘arise out of or relate to’ those activities.” Burger King, supra, at 472, 105 S.Ct. 2174. General Ujurisdiction, on the other hand, will attach where the' non-resident defendant’s contacts with the forum state, although not related to the plaintiffs cause of action, are “continuous and systematic.” Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).
In this case, Hollis does not argue that the court has general jurisdiction over Info Pro. He does, however, assert that the court can exercise specific personal jurisdiction over Info Pro because he claims his suit arises out of or is related to Info Pro’s activities in Louisiana. In his petition, Hollis alleges that Info Pro:
(i) “attempted to extort monies from [Hollis] through the use of illegal and harassing collection techniques,”
(ii) “engaged in intentional conduct in an attempt to defraud [Hollis],”
(iii) “engaged in unfair and deceptive trade practices,”
(iv) “defamed [Hollis],”
(v) “invaded [Hollis’s] right to privacy,”
(vi) “placed [Hollis] in a false light and communicated false information about [Hollis] to various third persons,” and
(vii) “interfered with [Hollis’s] contractual relations, through [Info Pro’s] conduct and activities.”
Along with making these undetailed charges, Hollis argues in brief that Info Pro “engaged in a harassing and vexatious collection campaign against the Hollises” and that there were “numerous contacts and bases of fault” of Info Pro. Nevertheless the record before us demonstrates only two letters sent to Hollis from Hoffman.' One of those letters was merely a reply to a letter Hollis sent to Hoffman. The focus of the letters and the action by Info Pro in serving process upon Hollis was the New Jersey lawsuit, not a Louisiana proceeding. We find no other evidence of any contact between Info Pro and *187 Hollis and, in fact, no other 15evidence of any contact Info Pro had with the state of Louisiana. The record indicates that Info Pro is a computer store located in New Jersey. The disputed merchandise was delivered to Pennsylvania, not Louisiana. Other than accepting a credit card order from a person with a purported billing address in Louisiana, Info Pro did not advertise or attempt to do business in Louisiana.
Unlike the jurisprudence cited by Hollis regarding specific personal jurisdiction and minimum contacts, we find that Info Pro’s contacts with Louisiana in this case are far less significant. Hoffman’s mailing to Hollis was not an offer or other action to enter a contract with Hollis or to otherwise transact business in this state.[1] Hoffman’s letters were not defamatory and the damages sustained arose only as a result of the New Jersey suit and upon Hollis’ choosing to defend the New Jersey claim.[2] The brunt of Hollis’ alleged damages therefore would have arisen in the New Jersey litigation and any judgment rendered in such proceeding without personal jurisdiction over Hollis would be unenforceable in Louisiana. See Lepard v. Lepard, 31, 351 (La.App.2d Cir.12/9/98), 722 So.2d 367.
Likewise, we distinguish the case of Sluys v. Hand, 831 F.Supp. 321 (S.D. New York 1993) which involved a violation of the federal Fair Debt Collection Practice Act (“FDCPA”), 15 U.S.C. § 1692 et seq. In that case, an Indiana attorney mailed a dun notice of plaintiffs debt to plaintiffs New York employer. This express violation of the FDCPA clearly could jeopardize or damage the plaintiffs employment in New York. Thus, the personal jurisdiction found by the New York federal court was based upon plaintiffs New York damages and the central 1 ^element of the FDCPA claim having occurred in New York. In this case, Hollis admits that no FDCPA violation occurred in Louisiana or elsewhere. Additionally, Hollis has not clearly articulated to this court any other violation of a federal statute for Hoffman’s acts. In any event, as in Sluys, even a Louisiana federal court dealing with a federally created claim would apply the Louisiana long-arm statute and the constitutional due process analysis, which we now apply, in the search for meaningful contacts, ties and relations. See, DeMelo v. Toche Marine, Inc., 711 F.2d 1260 (C.A.5th.1983) and Point Landing, Inc. v. Omni Capital International, Ltd, 795 F.2d 415 (C.A.5th.1986), cert. granted, 479 U.S. 1063, 107 S.Ct. 946, 93 L.Ed.2d 995 (1987).
Finally, we give no weight to the fact that Info Pro served process upon Hollis in Louisiana for the institution of the New Jersey litigation. Upon one’s exercise of a state’s “long arm” service upon a nonresident defendant, it is not reasonable to anticipate in turn being hailed into the state court of that non-resident.

Conclusion

Accordingly, we agree with the district court that Info Pro’s notice letters of the New Jersey suit and its service of process on Hollis do not amount to minimum contacts with this state. Personal jurisdiction against Info Pro has not been established, and the ruling on the exception of personal jurisdiction is affirmed. Costs are assessed to appellant.
AFFIRMED.

. The cited case of McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) (where a California court was held to have jurisdiction over a Texas company which mailed a reinsurance contract offer to the California plaintiff and subsequently accepted policy premiums mailed to Texas from California) does not control.

. The cited case of Calder v. Jones, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (where it was held proper for a California court to exercise jurisdiction over two Florida newspapermen in a libel action out of their intentional conduct in Florida which allegedly injured a professional entertainer living and working in California) is likewise inapposite.